THE STATE *ex rel.* GRIGGS v. EDWARDS *et al., Appellants.*

1. **Pleading**: ALLEGATA ET PROBATA: ADMINISTRATOR'S BOND. In an action upon an administrator's bond, the petition alleged that, on a certain day, the administrator sold to a certain person, at public sale, cattle belonging to the estate to a certain amount, delivered the said cattle, but wholly failed and neglected to take from said purchaser a note with security, or any note whatever; that said purchaser had failed and refused to pay the purchase money, and, since said sale, had become wholly insolvent, so that said amount could not be collected from him; that said administrator never took any steps as such, as by law required, to secure the payment of the purchase money or collect same from purchaser. There was no demurrer to this petition, or motion to make it more definite or certain. Upon the trial, plaintiff offered in evidence a note payable to the administrator for the purchase money signed by the purchaser and others, and testimony that the makers of this note, when it was given, were insolvent. Defendant objected to this evidence on the ground that it was not admissible under the allegations of the petition. *Held*, that such allegations were sufficient to justify the admission of the evidence.

2. **Supreme Court**: REVERSIBLE ERROR. No judgment should be reversed unless there is error materially affecting the merits of the action.

*Appeal from Bates Circuit Court.*—HON. F. P. WRIGHT, Judge.

AFFIRMED.

*Bassett & Lashbrooke* and *T. J. Galloway* for appellants.

*Smith & Abernathy* for respondent.

WINSLOW, C.—This was a suit brought in the circuit court of Bates county, Missouri, by W. M. Griggs, as administrator *de bonis non* of the estate of S. M. Staley, on the bond of J. J. Miller, formerly administrator of said estate, to recover of said Miller and defendants, as his securities, the sum of $825.20, for an alleged breach of said bond. The petition is in all respects formal, and alleges the following as a breach of the bond: "That on the 27th day

of October, 1875, said Miller as said administrator sold to one James T. Williams, at public sale, cattle belonging to said estate, to the amount of $825.20 ; that said cattle were delivered to said Williams, who received the full benefit of the same ; but defendant Miller wholly failed and neglected to take from said Williams a note with security, or any note whatever ; that said Williams has failed and refused to pay the said sum of $825.20, and has, since said sale, become wholly insolvent, so that said amount cannot be collected from him ; that said Miller never took any steps as administrator, as by law required, to secure the payment of said sum, or to collect the same from said Williams." Miller was not served and the suit was dismissed as to him. The answer of the sureties was a general denial. At the trial the plaintiff had judgment for $743.87 ; to reverse which the defendants present the record to this court by appeal.

On the issues joined by the pleadings, " plaintiff offered evidence tending to sustain the issues upon his part," is the only statement of the bill of exceptions as to plaintiff's main evidence ; and, as to the defendants', it is only stated that, " defendants offered evidence tending to prove the issues on their part." The record of the Bates county probate court, removing Miller and appointing plaintiff, was offered in evidence by the plaintiff, and objected to by the defendants, and the objections overruled ; but counsel for appellants make no point in their brief upon this action of the court, and we, therefore, omit all further allusion to the subject herein, assuming that the question has been abandoned.

The only question in this case of any importance arises on the admission on the part of plaintiff, against the objections of the defendants, of certain evidence, in addition to the main evidence of plaintiff, which tended " to sustain the issues on his part," which appellants maintain was not admissible under the above quoted allegation, nor responsive to the issues made by the pleadings. This evidence is

substantially as follows : A promissory note dated October, 27th, 1875, payable to J. J. Miller or order, as administrator of the estate of S. M. Staley, for $825, due twelve months after date, with interest from maturity at ten per cent per annum, signed by J. T. Williams, D. W. Morrill and Kasper Bauman. Wm. M. Griggs, the administrator *de bonis non* and substantial plaintiff here, was sworn and admitted as a witness, and permitted to testify to the following statements or admissions of Miller, the original administrator, as to the circumstances under which the above note was given : " Miller told me that he got this note from defendant, Edwards, and said he would not file it in settlement; that defendants, Wright, Sears, Edwards and Williams, told him, Miller, they wanted to put it in as a bad debt, and he, Miller, refused to do this, but said he would take it with him." Plaintiff then offered evidence tending to prove that the makers of said note were insolvent at the time the same was given.

## I.

Counsel for appellants in their abstracts of the record, which is substantially repeated in their briefs, state the legal effect of the allegations of the petition, above quoted, as follows: "The only breach alleged in the petition is that said Miller, as administrator of Staley, sold cattle, the property of said estate, on a credit of twelve months, and delivered the same to the purchaser without any note to secure the payment of the purchase price." This is manifestly a clear misconception of the petition and case, as it is presented by the record, and renders unnecessary any examination of the question, as to the variance between the allegation and the proof, on which appellants mainly rely. No demurrer was interposed to test the sufficiency of the allegation in question, but the objection was reserved until the introduction of the evidence under the pleadings, and as a ground for motion in arrest, and is so presented here by the record. The *gravamen* of the complaint in this case is,

that Miller, as administrator of Staley, sold cattle of the estate, at public sale, the amount of which was lost to the estate by reason of his failure to perform his duties as administrator with reference to that sale. It is a conceded fact in the case that the complaint is literally true, and the record states that the plaintiff introduced evidence "tending to sustain the issues on his part." Appellants seek to narrow the issue by maintaining that the real charge is that the loss occurred on account of Miller's failure to take any note at all for the cattle, and that because evidence was admitted showing that an insolvent note was taken reversible error was committed. It is very well settled, in this State, that a party cannot allege one cause of action in his petition and recover on a different one made out by his evidence and submitted by his instructions. *Waldhier v. Railroad Co.*, 71 Mo. 514; *Edens v. Railroad Co.*, 72 Mo. 212; *Buffington v. Railroad Co.*, 64 Mo. 246; *Bullene v. Smith*, 73 Mo. 151; *loc. cit.* 162. But no such case is made on this record.

It should be borne in mind that the question does not arise here on a demurrer to the petition, or a motion to make it more definite and certain, in which the sufficiency of the allegations would come in question; but upon a demurrer to the evidence and on motion in arrest, in which the simple question is, whether there is any allegation at all to justify the admission of the evidence, or to render the petition good on general demurrer or after verdict. *Grove v. The City of Kansas*, 75 Mo. 673, and cases cited. Nothing can be clearer than that the allegations of the petition in question are sufficient to justify the admission of the evidence complained of. It is very clearly alleged that one of the reasons why the money was lost was Miller's failure to take " a note with security " from Williams for the purchase money of the cattle. Under the statutory rule for construing pleadings, which requires them to be " liberally construed with a view to substantial justice between the parties," (R. S., § 3546,) the above allegation may well be construed to mean " a note with sufficient

security; and this seems to be what was intended by the pleader; because he follows it up with the allegation that Miller failed to take "any note whatever;" evidently having in view the contingencies, that the note in evidence was taken as a sale note and was insolvent, or that it was taken as an outside note, as indicated by Miller's statements. Considering the manner in which the question is presented, the evidence complained of was properly admitted under this allegation alone. At least its admission does not constitute reversible error, in view of the fact, conceded in the record, that plaintiff made out his case by other evidence, not objected to, and that the judgment is substantially just and for the right party.

But there is another allegation in direct connection with the one just considered, which in connection with that allegation and the entire scope of the alleged breach, tends strongly to justify the admission of this evidence. It is distinctly alleged "that said Miller never took any steps as administrator, as by law required, to secure the payment of said sum." Here is an allegation of an utter failure to secure the payment of this purchase money in any manner, as required by the statute, in accordance with his official duties, as one of the reasons why it became lost to the estate. What has been said with reference to the other allegation may be applied here, and nothing further need be added on the subject, except to say that the statute very plainly defined Miller's duties in the premises; and the authorities just as plainly fix the liability of his sureties for his failure to comply therewith. R. S., § 111. It was made his express duty, under this section, to "take bonds or notes, with good security, of the purchaser."

## II.

It is objected that certain admissions of Miller were admitted in evidence without anything to show that they formed a part of the *res gestae*, which should have been excluded. It is a sufficient answer to this objection that the

appellants have so meagerly preserved these statements in their bill of exceptions as to render it almost impossible for us to say just what they amount to, or what material connection they have with the real issues in the case. It does not even appear when they were made. A great deal of evidence seems to have been omitted, and very liberal general statements and concessions substituted. Under these circumstances it is difficult for us to intelligently examine the question, and the presumption must be indulged that the trial court acted right in the premises. Besides, the record so plainly shows, in every manner possible, that the plaintiff had already made out his case by an abundance of other evidence, that it is not possible to perceive how the meager and indefinite statements of Miller which the appellants have seen fit to preserve in the record could have had any misleading effect on the case, and the court, by instructions numbered seven and eight in the record—one in appellants' abstract—given for defendants, so plainly told the jury that these statements, and other kindred evidence, not preserved, tended to fix no liability on defendants, as to practically withdraw them from their consideration. In view of these considerations, the admission of this evidence furnishes no substantial ground for reversing the judgment —the error, if any, was thus rendered harmless—and it is the written law of this court that no case shall be reversed unless there is error "materially affecting the merits of the action." R. S., § 3775.

## III.

On the evidence presented, the court, of its own motion, instructed the jury as follows :

1. If the jury find from the evidence that the said John J. Miller, as administrator of the estate of said Staley, at his administrator's sale of the personal property belonging to said estate, sold a lot of cattle belonging to said estate to said Williams on a credit of twelve months, it was the duty of said administrator to have taken a bond

or note of said purchaser for the amount from said purchaser with good and sufficient security for the payment of the same when it should become due, at the time or before the delivery of said cattle, and if he failed to do so, and in consequence of such failure there has been a loss to said estate, and a failure to collect the amount due and any part thereof remains unpaid, then said securities are liable."

2.   The words "good security" required by the statute contemplate that the persons acting as security shall own sufficient property, exempt from execution, to satisfy the note or bond, if the same is not paid by the principal; and even if the jury should believe from the evidence that said Williams, sometime after the sale, did execute and deliver to said administrator his note for the amount with security, yet if they further find that the said securities at the time had not sufficient property to satisfy the said note on the failure of Williams to pay it, and that in consequence of insufficient security the said amount of the sale of said cattle has been lost to the estate, then the said securities are liable for the amount of such loss.

The court also gave a general instruction for plaintiff, and refused two for defendants, the principles of which, so far as they contain the law applicable to the case, are embraced in those given by the court.   Other instructions were refused for defendants, but no error is assigned on this action of the court.   The instructions given by the court very fairly presented the case to the jury, and they could not well have misunderstood the issue they were trying; the verdict is manifestly right and just on the facts presented in the record; no substantial error appears for which the judgment should be reversed, and it should, therefore, be affirmed.   All concur.