BURNS, *Appellant*, v. THE CITY OF LIBERTY.

Division Two, December 3, 1895.

1. **Ejectment**: DEDICATION: BOUNDARY LINE: CITY. Evidence in an action of ejectment *held* to show the dedication of a strip of land by the adoption, as a boundary line, of the line of a street as actually located and not as such street may have been originally laid out.

2. **Supreme Court Practice**: HARMLESS ERROR: STATUTE. Revised Statutes, 1889, section 2303, prohibiting the reversal of a judgment, except for error materially affecting the merits of the action, renders unnecessary the consideration of refused declarations of law where the verdict is manifestly for the right party.

*Appeal from Clay Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

*D. C. Allen* for appellant.

(1) In order to a dedication there must, of course, be the ownership of property which can be made the subject of dedication. Here Major Lightburne did not pretend to own, nor Allen and Burns to receive from him, any land east of the west line of the road or street; that is, any interest in the seven-foot strip taken off the east side of section 7. The plat of the addition shows that A. and B. claimed no interest in the seven-foot strip. Hence, as a matter of fact, A. and B. could not have made a dedication of any thing or interest east of the west line of the seven-foot strip. (2) In order to constitute a valid dedication to the public there must be an intention to dedicate. 2 Herman's Estoppel and Res Adjudicata, p. 1279, sec. 1142; 3 Washburn on Real Property [5 Ed.], p. 79; *Mo. Institute v. How*, 27 Mo. 211; *McShane v. Moberly*, 79 Mo. 41; *Vossen v. Dautel*, 116 Mo. 379. (3) The court erred in the matter of giving and refusing instructions.

*C. L. Dougherty, Simrall & Trimble* and *Sandusky & Sandusky* for respondent.

(1) There is not an allegation in respondent's amended answer, nor in the pleadings in the case, which mentions or alludes to Lightburne's addition. The evidence, therefore, based on the plat of that addition has nothing to support it. Evidence is inadmissible which is not based on the pleadings. 1 Greenleaf on Evidence [10 Ed.], sec. 51; *Lanitz v. King*, 93 Mo. 513–519; *Brooks v. Blackwell*, 76 Mo. 309; 1 Taylor on Evidence, p. 233, sec. 217. (2) Nor would those testimonies be admissible under the general denial in respondent's amended answer. If respondent intended to rest its defense upon any fact not included in the

allegations necessary to support the appellant's case, it was necessary for it to set it out in ordinary, concise language, or be precluded from giving evidence of it on the trial. *Northrup v. Ins. Co.*, 47 Mo. 435; *Musser v. Adler*, 86 Mo. 445. (3) There is not a particle of evidence in the case that respondent ever approved of the plat of Lightburne's addition, or recognized it, or knew of it in any way, by act of its city council, or that its officers did prior to the trial of this cause. On the contrary, Allen and Burns submitted the plat of their addition to the appellant's city council, and the appellant, by ordinance passed and approved July 18, 1887, approved it. A copy of this ordinance is to be found on plat O—the same being the plat of A. and B.'s addition. Respondent is, therefore, bound by all shown in the plat of A. and B.'s addition, but by nothing in the plat of Lightburne's addition. (4) The plat of Lightburne's addition was not in compliance with the provisions of chapter 139, Revised Statutes, 1879, entitled "Of Plats,"—R. S. 1879, vol. 2, p. 128— and was, therefore, null and void, and its record conveyed notice to no one.

BURGESS, J.—This is an action of ejectment for a strip of land in Clay county, described as follows: A part of lot number 8 in block 6, as marked and numbered on the plat of Allen and Burns' addition to the city of Liberty, bounded as follows: Beginning at the southeast corner of said lot, thence running north on the east line of said lot a distance of sixty-nine feet and nine and three fourths inches to the northeast corner of said lot, thence running west on the north line of said lot a distance of two feet to a point thereon, thence running south a distance of sixty-nine feet and nine and three fourths inches to a point on the south line of

said lot, thence east two feet to the place of beginning.

The answer is, first, a general denial, with the exception that it admits that defendant is a municipal corporation. It then avers: "That about the year 1857 the Liberty and Meeks' Ferry road, sometimes called the 'Owens' Ferry road,' and in 1857 designated by the city council as 'Lightburne street,' was established, located, and opened, and has been in use as a public street continuously since said date; that the property in controversy is a part of said street; that Alvan Lightburne, who owned the land on the west, when said highway was opened, continued the owner thereof until May 14, 1887, when he conveyed the same to Burns and Allen; that said street during all said time was used and repaired and maintained as a public highway; that when Lightburne conveyed his land to Allen and Burns he surveyed and deeded the same to the west line of said street as actually located and opened as aforesaid; that when Allen and Burns platted and filed their addition to the city of Liberty, they surveyed and platted said land up to the west side of Lightburne street as previously located and opened as aforesaid; that Lightburne street, as so located and opened, was one of the streets marked on said plat, and that said plat in express terms dedicated all streets and alleys, as shown on said plat, to public use; that lots were sold and improvements erected along both sides of said street, with reference to the liens thereof as so located, opened, and used, prior to said deed from Lightburne to Allen and Burns, and with the knowledge and acquiescence of said Lightburne." Plaintiff by replication denied all new matter in the answer.

The land sued for formerly belonged to Alvan Lightburne, under whom plaintiff claims title. Prior to November 26, 1883, Lightburne owned a tract of land

in the city of Liberty, bounded by Water street on the west, and by Lightburne street, originally known as the Liberty and Meeks' Ferry road, or Owens' Ferry road on the east. The street was named Lightburne by the city of Liberty in 1857. Lightburne street ran north and south, between the tract of Lightburne on the west, and a tract owned by Robert H. Miller on the east. The tracts were fenced along and parallel with said street.

The Lightburne tract was platted in two additions to the city of Liberty; the first by Lightburne, and called "Lightburne addition to the city of Liberty," was platted and the plat filed in the recorder's office of said county, November 26, 1883. The addition abuts the west line of Lightburne street, as actually located and opened; it marks Lightburne street the east boundary of the addition, and extends the west line of Lightburne street along the addition and north to the north boundary of his land. Lightburne, by his plat, extends a line entirely around his tract of land, designating Water street on the west, Lightburne street on the east, an alley on the south, and the boundary line of his land on the north. By this plat all streets and alleys in express terms are dedicated to public use.

On December 6, 1883, Lightburne conveyed this whole addition to Thomas F. Messick. On May 14, 1887, Lightburne conveyed the residue of his tract of land to John M. Allen and Peter B. Burns. The deed describes the north boundary as running "thence east seven hundred and twenty feet to the west line of the aforesaid Liberty and Meeks' Ferry road" (Lightburne street).

This residue of the Lightburne tract, so bought by Allen and Burns, was platted and filed as an addition to the city of Liberty by them on the fifth day of July,

1887, and named "Allen and Burns' addition to the city of Liberty." This plat describes the north line of the addition as running "thence east seven hundred and twenty feet to the west side of Lightburne street." Lightburne street is designated on the plat as forming the east boundary of the addition, and in express terms the plat says: "The streets and alleys of this addition as represented on this plat are hereby dedicated by the parties hereto to public use."

All of Lightburne's addition was built up, and parts of Allen and Burns' addition, and part of the tract owned by Miller on the east side of Lightburne street, before this controversy arose.

Lightburne street was originally located by R. J. Stepp who was then county surveyor for said county and by that survey the deed from Lightburne to Allen and Burns was made, and Allen and Burns' addition to the city of Liberty was platted.

When this controversy arose plaintiff procured a new survey to be made of Lightburne street, and of the Lightburne tract, by Mr. Pike of Kansas City, who placed the northeast corner of section 7 (by which Lightburne street was originally located), ten feet further east than Stepp's survey placed it.

The claim was thereupon made by plaintiff that Lightburne street should be moved ten feet further east; that the north-line of Allen and Burns' addition should have been seven hundred and thirty feet, instead of seven hundred and twenty feet as actually staked off; that there was consequently an unplatted strip, ten feet wide at the north end, and at the point in controversy about five feet wide, lying between the east line of Allen and Burns' addition, and the west line of Lightburne street; and accordingly plaintiff and Allen, on the twentieth day of December, 1889, took from Alvan Lightburne a quitclaim deed for this alleged

strip. Allen, on December 28, 1892, conveyed by quit-claim deed his interest in the land to plaintiff, who claims that the two feet in controversy is a part of this strip, which is claimed to extend also further south between Lightburne street and Lightburne's addition, and to cut off the residents on Lightburne's addition from the street in front of them.

At the conclusion of the evidence plaintiff asked twenty-one declarations of law, eleven of which were given, and ten refused. No declarations of law were asked or given in behalf of defendant. The finding of the court was as follows:

"The court now here being sufficiently advised in the premises, finds the issues herein for the defendant, and makes the following finding of fact, to wit: The court finds the facts to be, that at the time Burns and Allen platted, acknowledged, and filed their plat to the city of Liberty, they adopted thereby as the eastern boundary line of their said addition the western line of Lightburne street, as then actually located, and not as said street or highway may have been originally laid out, and that by so doing they dedicated the strip in controversy to public use—wherefore the court finds for the defendant."

After unsuccessful motions for new trial and in arrest plaintiff appealed.

The judgment of the court being manifestly for the proper party it becomes unnecessary to pass upon the declarations of law which were asked by plaintiff and refused by the court. Section 2303, Revised Statutes, 1889, provides that, "the supreme court, or courts of appeals shall not reverse the judgment of any court, unless it shall believe that error was committed by such court against the appellant or plaintiff in error, and materially affecting the merits of the action." See, also, *Cartwright v. Culver*, 74 Mo. 179; *State ex rel. v.*

*Edwards*, 78 Mo. 473; *MacLeod v. Skiles*, 81 Mo. *loc. cit.* 603; *Fitzgerald v. Barker*, 96 Mo. 661.

No instructions that could have been given would have entitled plaintiff to a recovery in this case under the facts disclosed by the record.

Plaintiff's counsel, while conceding in his brief that the case is one of fact, bases the right of his client to recover upon the theory that the northeast corner of section 7 was correctly established by Dale, Rogers, Leitch, and Pike, surveyors, before the commencement of this action, seven hundred and thirty-seven feet east from the point of intersection of the east line of Water street with the north line of section 7; instead of seven hundred and twenty-seven feet, as contended for by defendant, thus placing Lightburne street ten feet further east than it was understood to be, according to the surveys of Stepp, which would leave a strip of land not platted by Allen and Burns, lying along and parallel with the west line of that street and the east line of their addition, its entire length, to the possession of which plaintiff is entitled. But the court found, as before stated (and there was ample evidence to support its finding), that at the time Burns and Allen platted, acknowledged, and filed their plat of their addition to the city of Liberty, they adopted thereby as the eastern boundary line of their said addition, the western line of Lightburne street, as then actually located, and that by so doing they dedicated the strip in controversy to public use.

The plat of Allen and Burns' addition to the city of Liberty was acknowledged by them on the fifth day of July, 1887, and deposited in the recorder's office of said county for record on the nineteenth day of July, next thereafter. By it, the west side of Lightburne street is called for as its eastern boundary, and it must be conclusively presumed therefrom that they intended

to dedicate the strip in controversy, if not already a part of the public street, to the public, and plaintiff should not now be heard to say that the eastern line of said street, as it was at that time, was not in truth and in fact the true and correct line.

To hold that the streets and alleys of cities, towns, and villages can be changed every time some surveyor can be found, who will run their lines differently from some former survey, or the lines as originally platted, would result in unsettling the titles to property in very many places, to the utter ruin of the holders, and prove disastrous to the growth and prosperity of such municipalities. It should never be done.

The facts upon which the court predicated its finding sufficiently appear from the plat of the addition by Allen and Burns, and while the purchasers of lots abutting on the west side of Lightburne street, who improved them, builded their houses and fences according to the plat which calls for said street as its eastern boundary, are not parties to this action, it is clear that if plaintiff's contention be sustained they will be entirely cut off from, and deprived of, all connection with that street. The judgment is affirmed. GANTT, P. J., and SHERWOOD, J., concur.