CRADDOCK, *Appellant*, v. SHORT.

Division Two, June 2, 1896.

1. **Land and Land Titles:** TOWN PLAT: BOUNDARIES: INCORRECT
SURVEY: ESTOPPEL. Where a railroad company platted land as a
town site, and the southern boundary of certain lots, being the
southern boundary of the town, was represented on the plat as being
a street located along the dividing line between the northeast and
southeast subdivisions of a quarter section of land owned by said
railroad company, which plat was duly recorded, such railroad com-
pany and those deriving title from it will be estopped from asserting
that such boundary was incorrectly located, and the purchaser of the
southeast subdivision of the quarter section from the railroad com-
pany, who was familiar with the town plat, can not recover in
ejectment from the purchaser of the lots, upon the ground that said
boundary line was incorrectly located in the survey of the plat and
that a portion of the lots was included in the correct survey of
plaintiff's purchase.

2. ———: ———: ———: ———: ———. The purchaser of the south
subdivision who stood by, with knowledge of all the facts, and saw
the purchaser of the lots place valuable improvements upon them,
should upon that ground, be estopped from calling the latter's title in
question.

*Appeal from Pulaski Circuit Court.*—HON. C. C. BLAND,
Judge.

AFFIRMED.

*James B. Harrison* and *Thomas M. Jones* for
appellant.

(1) The judgment in this cause is erroneous. It
divests the plaintiff of all right, title, and interest to
all the lands described in his deed from the St. Louis
& San Francisco Railway Company. The issues in this
cause only involve the title to lots 13 and 14, in block

63, and Eleventh street, which runs or did run through the north end of said land, being a part of southeast quarter of the southeast quarter of section 8, township 37, range 12. Therefore the judgment must be reformed to correspond with the pleadings and evidence in the case. (2) As a general proposition mutual mistakes are corrected by equity, but there is a distinction and a wide difference in mutual mistakes, and an exception to this rule is clearly in our favor under the facts and circumstances in this case. "'Where the seller and purchaser together examine a corner, and open lines through a tract of land with equal faculties of observation, and make a mutual mistake as to the exact line, both being of the opinion that the lines include particular locations, whilst they actually only include a part of it, it was held that the contract could not be avoided for such a mistake." "And a mistake which is a result of ignorance on the part of both parties of a fact of which it is equally within the power of both to obtain proper information and when each has acted in good faith, equity will not grant relief and correct such a mistake." *Hill v. Busch*, 19 Ark. 522; *Wood v. Patterson*, 4 Md. Ch. 335; *Bank v. Bank*, 10 Bush (Ky.), 699. "Plaintiff can not maintain an action where he or those under whom he claims are privies to the mistake unless the recovery which he sought would leave the defendant in *statu quo*, or unless the defendant has been guilty of fraud or misrepresentation." *Matthews v. Kansas City*, 80 Mo. 231. "Where there is a mutual mistake, and one party or the other is compelled to lose, the party having the legal right must prevail." *Koontz v. Bank*, 51 Mo. 275. "Equity will not relieve against a mistake when the party complaining had within his reach the means of ascertaining the true state of facts, and without being induced thereto by the other party, neglected to avail himself of the opportunity of information."

*Brown v. Fagan*, 71 Mo. 563. Applying these princi-
ples to the facts and circumstances in this case, how
will equity deprive and divest James Craddock of his
legal rights and cause him to lose $50 when he is not
guilty nor privy to any fraud or misrepresentation?

*L. F. Parker* and *J. T. Woodruff* for respondent.

The mistake is not in the amount of land sold, or
the quantity, but is a mistake in description. The
plaintiff got what he intended to buy, what he thought
he had bought, in fact, all that he expected, and all he
paid for. In other words, it was the understanding
and intention of the parties that the conveyance to the
plaintiff should carry only that portion of the southeast
quarter of the southeast quarter of section 8, which was
south of the platted portion of the town of Crocker, as
laid out upon the ground, which is that portion south of
Eleventh street. If this was the intention it must govern
to the exclusion of the description or the boundaries
named. *Jamison v. Fopiano*, 48 Mo. 194; *Evans v. Green*,
21 Mo. 170; *Kronenberger v. Hoffner*, 44 Mo. 185; *Hook
v. Craighead*, 32 Mo. 405. Although the deed upon its
face conveyed lots 13 and 14, according to an accurate
survey, yet if it was clearly the intention of the parties
that the plaintiff should only have that portion of the
land lying south of Eleventh street, then a court of
equity will, upon the answer and the evidence in this
case, correct the deed so as to properly describe the
land intended to be conveyed. *Sweet v. Owen*, 109 Mo.
1, and cases cited. It seems to us that a fair way to
test the rights of the parties in this case, would be
to decide this question the same as if it was between
the defendant and the St. Louis & San Francisco
Railway Company. The evidence contained in the
bill of exceptions is ample to warrant the finding of

the lower court, and it being the practice of this court to defer to the finding of that court in equity cases, unless the preponderance of evidence is against it, we think the judgment should stand. *Bartlett v. Brown,* 121 Mo. 353.

BURGESS, J.—Ejectment for all that part of the southeast quarter of the southeast quarter of section 8, township 37, of range 12, in Pulaski county, Missouri, lying west of the right of way of the St. Louis & San Francisco Railway.

The petition is in the usual form.

The answer admits possession of the land, but denies all other allegations in the petition. It then sets up an equitable defense, and alleges that, on the twenty-first day of August, 1869, the South Pacific Railway Company was the owner in fee simple of all of said southeast quarter of the southeast quarter, and also of the northeast quarter of the southeast quarter of said section, and that on that day it laid off and platted in lots, blocks, streets, and alleys, and filed the same for record in the recorder's office of said county on the nineteenth day of October, 1869, the town of Crocker, "that in the said survey and plat the line dividing the said southeast quarter of the southeast quarter from the northeast quarter of the southeast quarter, is shown as running along Eleventh street, as shown by said plat and survey; and lots 13, 14, 15, and 16, of block number 63, in said town of Crocker, are shown by said plat and survey to be entirely north of said line, and to be in the northeast quarter of the southeast quarter; that thereafter and prior to the fifteenth day of June, 1877, by a series of conveyances, the St. Louis & San Francisco Railway Company became the owner of all the interest of the said South Pacific Railway Company in and to said property, and that on the second day of

October, A. D. 1892, the said last named company by its contract of that date agreed to sell and did sell to this defendant the said lots 13, 14, 15, and 16, in said block 63, in the said town of Crocker; that said contract of purchase was made by this defendant, and the money paid thereon, and that said purchase was made upon actual view of said property and upon the faith of the accuracy of said plat; that the land described in plaintiff's petition was designated and pointed out to this defendant as lots 13, 14, 15, and 16, in block 63, and it was upon the faith of such pointing out, designation, and upon the accuracy of said plat and survey, that this defendant made his said purchase and took and received his said contract from said St. Louis & San Francisco Railway Company; that said plat was and is inaccurate in this, to wit, that the said line dividing the southeast quarter of the southeast quarter and the northeast quarter of the southeast quarter, does not run along Eleventh street in said town of Crocker, and does not run south of said lots 13, 14, 15, and 16, in block 63, but when accurately surveyed said line runs about forty-one feet north of the north line of said Eleventh street, thus including a strip forty-one feet wide off the south end of lots 13, 14, 15, and 16, as shown by said plat, in the southeast of the southeast quarter, instead of the northeast of southeast quarter, as shown by said plat; that the defendant is informed that the plaintiff claims title to said property by virtue of a deed from said St. Louis & San Francisco Railroad Company, bearing date——day of——, 1887, and purporting to convey a portion of the southeast quarter of the southeast quarter of said section 8; that on the said twentieth day of October, 1892, the defendant took possession of said property, and has ever since remained and is now in possession, claiming to be the absolute owner thereof, and during that time made

lasting valuable improvements thereon, worth much more than the original lots—that is to say, worth the sum of $2,000; that on the said second day of October, 1892, this defendant was delivered the possession of said property by the St. Louis & San Francisco Railway Company, and from the said second day of October, 1892, defendant has been in the possession of said property, claiming to own the same, and has expended large sums of money in improving and repairing said property; that said property herein sued for has been openly and notoriously known by the description of lots 13, 14, 15, and 16, in block 63, in the town of Crocker, since the said twenty-first day of August, 1869; that said plaintiff, long prior to his alleged purchase, had full knowledge of all the facts herein set forth, and knew that the said town of Crocker had been platted as aforesaid, and bought the said tract of land on view, and with the distinct belief and understanding between him and the said plaintiff and the said St. Louis & San Francisco Railway Company that he was purchasing the tract of land lying south of the said town of Crocker, as the same was laid out upon the ground, and with the belief on the part of both plaintiff and said company, that he was not buying any portion of the land here sued for, and well knew that the said property here sued for was then claimed by said railroad company to be a part of said town of Crocker, to wit, a part of block 63, in said town, and well knew at the time he bought said tract of land, and at all times up to said second day of October, 1892, that said railway company was offering said property for sale, and after said second day of October, and at all times after that day, and up and until after this defendant had made the improvements hereinafter set forth and described, and stood by knowing that defendant was so investing his money in the purchase

of said lots, and in making said improvements on the faith of the accuracy of said description as contained in said plat, and knowing and standing by, made no objection thereto or claim to said property until after said money had been expended, said purchase made, and said improvement made as aforesaid.

"Wherefore said defendant says that said South Pacific Railway Company and its assigns are, by the filing of the plats as aforesaid, and by laying out of said lots, blocks, and streets, upon the ground, and holding out the same in the neighborhood as being a portion of the town of Crocker, are, and of right ought to be estopped, to say that any portion of said lots here sued for are south of the south line of the said northeast quarter of the southeast quarter of said section 8, and the defendant herein is not only completely and fully estopped as being assignee and privy of the said South Pacific Railroad Company, with notice, but is further estopped by his own conduct herein set forth."

The answer concludes with a prayer that the title of plaintiff, if any he has, to the property, be divested out of him, and vested in defendant, and for all proper relief.

Plaintiff by reply denied all allegations in the answer.

There was judgment in favor of defendant from which plaintiff appealed.

It seems that in 1869 the South Pacific Railway Company laid out and platted, in lots, blocks, streets, and alleys, on what was supposed and intended to be the east half of the southeast quarter of section 8, township 37, of range 12, west, the town of Crocker, in Pulaski county. Subsequently the Atlantic & Pacific Railroad Company succeeded to the rights of the South Pacific Company, and in 1874, on petition of the Atlantic & Pacific Company, the county court of

said county vacated all of said town except blocks 62 and 63.

Thereafter the St. Louis & San Francisco Railway Company succeeded to the rights of the Atlantic & Pacific Company, and in 1886 sold to the plaintiff a strip of land described as follows: "All that part of the southeast quarter of the southeast quarter (lying west of the right of way of the St. Louis & San Francisco Railway) section 8, township 37, range 12."

In 1892 the defendant acquired by purchase from said St. Louis & San Francisco Railway Company all the title that said company then had to lots 13 and 14, in block 62, of said town.

Shortly after his purchase the plaintiff had the southeast quarter of said section surveyed, and by this survey it was ascertained that there was a mistake in the original survey of the town in the location of the division line between the northeast quarter of the southeast quarter and the southeast quarter of the southeast quarter, and that in fact that line was forty-one feet further north than he had located it, and although according to the survey made by the original surveyor in laying off the town, and the stakes then driven by him, lots 13 and 14, of block 63, were in the northeast quarter of the southeast quarter, it was found by an accurate survey that these two lots were in the southeast quarter of the southeast quarter.

After defendant bought the lots he improved them, in connection with the two others adjoining them on the north, by building on the lots in question a blacksmithing shop, and fencing them, with the knowledge and without any objection from plaintiff.

When the facts disclosed by the record in this case are considered the conclusion that plaintiff did not buy or intend to buy the lots for the possession of which he

sues is irresistible. He knew perfectly well where the southern boundary line of the town of Crocker was when he purchased the land described in his deed. It was a matter of record, and it makes no difference that it was by mistake located on the southeast quarter of the southeast quarter of section 8, instead of the northeast quarter of the southeast quarter of said section as was plainly intended by the plat. The railway company that platted the town owned both tracts at that time, and it and those claiming under, by, or through it, including plaintiff, under the peculiar circumstances, should be estopped from asserting that there was a mistake in the location of the southern boundary line of said town, in locating it forty-one feet too far south.

Moreover, blocks 62 and 63 of said town were not vacated by the order of the county court of Pulaski county, while the rest of the town was, thereby leaving the lots in question as platted, which is quite conclusive that the railway company never intended to sell, and that plaintiff never intended to buy, said lots. It is perfectly plain that the railway company under which plaintiff derived title would be estopped from asserting that the southern boundary line of the town was incorrectly located, and thus unsettle the boundary lines of the lots, blocks, and alleys, in that part not vacated, to the injury of those who have purchased lots on the faith of the correctness of its location (*Burns v. Liberty*, 131 Mo. 372), and if the company could not do so it logically follows that plaintiff occupies no better position.

Furthermore, plaintiff stood by and saw defendant improving the lots and interposed no objection thereto, but acquiesced in what was being done, with full knowledge of all the facts and circumstances attending the same.

Upon no principle of justice or right is plaintiff entitled to recover. The judgment is clearly for the right party and should be affirmed. It is so ordered. GANTT, P. J., and SHERWOOD, J., concur.