JOHN. LEE, Respondent, vs. HORACE L. DUNLAP, Appellant.

1. *Practice, civil—Instructions—Promissory notes—Jeofails, statute of, etc.—* An instruction, which leaves it for the jury to determine the question whether the instrument sued on was a promissory note, is bad ; but where that question is wholly immaterial to the issue and is purely technical, *held,* that under the statute of jeofails (Wagn. Stat., 1036, § 19) such error would not authorize a reversal of the cause. (See also Wagn. Stat., 1067, § 33; 1034, § 5; 1037, § 20.)

*Appeal from Linn Common Pleas.*

*C. D. Pratt,* for Appellant.

*S. P. Huston,* for Respondent.

SHERWOOD, Judge, delivered the opinion of the court.

Action in the Linn County Court of Common Pleas on an instrument in this form :

($55.00.)　　　BRAZOS SANTIAGO, TEXAS, Nov. 16th, 1864.
On hand in trust for Private, John Lee, fifty-five dollars.
　　　　　　　　　　　　　HORACE L. DUNLAP,
　　　Capt. 62d U. S. C. Inf., Com'd'g Co. C.

This was declared on as a promissory note. Defendant admitted in his answer that he executed the paper sued on, but denied that it was a promissory note, or that it was understood to be such at the time of its execution. He also pleaded payment, release, &c., and at the trial which occurred several terms after suit brought, objected to the instrument sued on being read in evidence, on the ground that it was not a promissory note. This objection was overruled and the paper read. The evidence was conflicting as to the payment, release, &c., set up in the answer; but the instructions on this point, given as well at the request of the defendant as for the plaintiff, were unexceptionable. By another instruction however, it was in effect left to the jury to say whether the instrument filed with the petition was a promissory note. This ought not to have been done; but we will not, while our statute of jeofails remains in force, reverse a judgment on a purely technical ground like this. Whether the instrument was or was not a promissory note it is wholly immaterial to inquire.

Blount v. Ziuk.

·It is sufficient to observe, that this trial has not resulted in any error "materially affecting the merits of the action." (See § 33, 2 Wagn. Stat., 1067; *Id.*, § 5, 1034; *Id.*, § 19, 1036; *Id.*, § 20, 1037.)

Judgment affirmed ; all concur.