ALEXANDER SAUNDERS, Respondent, *v.* THE NEW YORK CEN-
    TRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

(Argued June 9, 1892; decided October 4, 1892.)

APPEAL from judgment of the General Term of the Supreme
Court in the second judicial department, entered upon an order
made December 14, 1891, which affirmed a judgment in favor
of plaintiff, entered upon a decision of the court on trial at
Special Term.

This was an action of ejectment to recover possession of two
parcels of land, part of defendant's roadway, depot and freight
yard at Yonkers.

The following is the opinion in full:

" The main questions of law underlying this case have just
been decided by us adversely to the defendant in its actions
against Aldridge,* and they need no further attention. The
plaintiff, therefore, stands before us with a perfect record title,
and the defendant without any. The defendant, however,
claims that it has two defenses to this action, founded upon
the facts. The first defense is that at the time of the grant to

---

* *N. Y. C. & H. R. R. R. Co.* v. *Aldridge* (*ante,* page 83).

the plaintiff it was in the actual possession of the lands claiming under a title adverse to that of his grantor, and hence that the grant to him was void. (1 R. S. [2d ed.] 732.) The facts do not sustain this defense, and so the trial judge found. There was evidence tending to show that in 1882, when the plaintiff took his deed of the lands, they were not in the actual possession of the defendant. A minute analysis of the evidence now is not needed, and would serve no useful purpose. The finding of the trial judge concludes us.

" The other defense is that of adverse possession. The evidence is abundant to show that the defendant had not been in the adverse possession of any part of the land claimed in this action for twenty years, and so the trial judge found ; and even if we had the power we see no reason to disturb his finding.

" The judgment should be affirmed with costs."

*Robert F. Wilkinson* for appellant.

*Ralph E. Prime* for respondent.

*Calvin Frost* for persons not before the court having similar interests with respondent.

EARL, Ch. J., reads for affirmance.
All concur.
Judgment affirmed. _____