CULLEN, J.
—This action is, or to speak more accurately, should be, in ejectment to recover the possession of two plots or parcels of land adjacent to the line of defendant’s railroad, one on the easterly side and the other on the westerly side. The plaintiff, besides seeking to recover possession of the premises, also sought, as equitable relief, that the defendant should be decreed to remove its tracks and structures, and restrained from further maintaining them. No objection was taken as to the form of the action, and no complaint is made as to the equitable relief granted, except as to the first parcel, and that not based on the question of the form of the action, but on the respective rights of the parties as tenants in common. This objection will be noticed hereafter.
The' defendant, by its answer, did not deny the plaintiff’s title to the second or westerly plot, but it denied that it was in possession thereof or claimed title thereto. The evidence on this subject shows that, at the time of the commencement of the action, the defendant at least maintained on the premises a flagman’s shanty. This was sufficient to justify the institution of the action, and the fact that the defendant abandoned its possession, by removing the shanty, subsequent to the corn-commencement of the action, could not defeat the plaintiff’s right to recover. The plaintiff alleged title to an undivided half of the first or easterly plot. The defendant denied the title of the plaintiff, and set up title in itself to the whole plot. It is unnecessary to recite at length the plaintiff’s chain of title. It is exactly of the same character as the title of the defendant” in the case of N. Y. C. & H. R. R. R. Co. v. Aldridge, 135 N. Y. *690 83; 48 St. Rep. 373. The land was originally under water, the defendant’s railroad at this point being constructed in the river. The record title under which the defendant claims is the same grant as that discussed in the case cited. The title of the plaintiff in this case, like that of the defendant in the case cited, is deduced from a grant of the land commissioners, antedating the grant to the railroad company. The rights of the respective parties under these sources of title have been definitely settled by the decision of the court of appeals in the Aldridge Case, and the decision in- the case of Saunders v. N. Y. C. & H. R. R. R. Co., 135 N. Y. 613; 48 St. Rep. 381. I see no criticism to be made on the chain of plaintiff’s title, save the claim that the later deeds were void for champerty. The only ground which- is now left open to the defendant, on which to sustain its own title, is that of adverse possession. The learned trial court found the fact, against- the defendant on this claim. An examination of the evidence not only justifies this finding of the trial court, but shows that, on the conceded facts, the finding could not have been otherwise. To make out the claim of adverse possession it was necessary for the defendant to show continuous occupation and possession, for a period of twenty years, of the premises in dispute. Assuming that it went into possession of the property, by filling it in, when it built its station in this part of the town it erected a fence along its old right of way and the limit of the premises to which it had title by conveyance. The only structure to the east of that line was the ticket office, which was situate to the south of the lands in dispute. Thus, during all the time that the station was maintained, a period of seven or eight years, the defendant had no occupation of this land. On the removal of the station, a freight house was erected on the site of the old ticket office, and, of course, this building also was - not on the locus in quo. In fact, the evidence shows that there was no physical pessession of the lands in dispute from the time of the erection of the station until the defendant laid a track and erected a derrick on the lands. The time of this entry by the defendant is not distinctly settled by the testimony of any witness. The closest approximation to the time is given by one of the plaintiff’s witnesses, who fixes it as after the first deed .to the plaintiff. Adverse possession is an affirmative defense, and it was incumbent on the defendant to show clearly the time during which it was in occupation of the premises. But, during the seven or- eight years that the station was maintained at this point, clearly it was not in possession of the premises in suit, and this period alone is sufficient to destroy its claim of twenty years’ possession. The only answer that can be made to this is that, under section 369 of the Code, -under an occupation of some part of the premises described in a written instrument, all the premises included in it are deemed to have been held adversely, and hence it is claipied that the occupation by the defendant of the land to the south, by the construction of its freight and ticket depot, and its construction of tracks, was in law an occupation of the premises in dispute. This rule has no application to possession or occupation under a grant of the *691 nature of that to the defendant. The grant assumed to convey to the defendant all the plots of land shown on the new map of the route of its railway from Westchester county to Rensselaer, both inclusive. While the conveyance mentions “ lots,” the map of the defendant, on which the conveyance was based, so far as put in evidence in this case, shows that there were no plots, but a single continuous strip from headland to headland. If so, it is a series of strips extending about 140 miles along the Hudson river. Under the defendant’s claim, an occupation of the land at Yonkers would operate as an adverse possession, in its favor, of land at Troy. The language of this provision of the Code is misleading. If it is to be construed that the occupation of a portion of the premises described in a conveyance operates as constructive possession of the whole,, regardless of the character of the land and the connection of various parts of it, one with the other, it would be entirely possible, not only that two, but twenty, persons could establish an irrefragable title at law, by adverse possession, to the same plot, which had never been in the actual possession of any one of them ; and it would be difficult, if not impossible, to determine to which of the parties possession should be awarded. The difficulty thus suggested is not imaginary. It occurred in the case of Northport R. E. & Improvement Co. v. Hendrickson, 139 N. Y. 440; 54 St. Rep. 934. B. owned a farm, and conveyed a strip of it to an adjoining neighbor Br. Br. conveyed this strip with his own farm, which it abutted, and through mesne conveyances the title finally vested in the defendant. B., after his conveyance to Br., ignoring that deed, conveyed his whole farm to H., and by a series of conveyances that title was vested in the plaintiff. Each party and his predecessors had continuously occupied the land respectively conveyed to them, except the premises in dispute, which consisted of a piece of woodland. Each, therefore, claimed that he was in constructive possession of such strip. The case was decided in favor of the defendant, on the ground that, before the plaintiff took its title, the tract claimed by the defendant had been occupied and managed as a separate tract. The court say; “ The case is not free from doubt, but we think the best reason can be assigned for the affirmance of the judgment, and it therefore should be affirmed,”— a frank'acknowledgment of the' difficulty created by the statute. There is, however, another case to be noted, on the question of constructive possession,—that of Thompson v. Burhans, twice in the court of appeals (61 N. Y. 53, and 79 id. 93). The plaintiff claimed under a tax sale of some 25,000 acres, and entered into possession of a few acres, and cut logs there, and built a shanty. The same learned judge that delivered the opinion in the Hendrickson Case wrote in this: •
“ But it is claimed by the plaintiff that his possession in the southeast quarter, under his deed claiming title to the whole, gave him constructive possession of the whole. This claim is not sustained by any authority, and not well founded. This township of over 25,000 acres was not one farm. It never would and never could be used as such. The balance of the whole *692 township was not, and could not be used in connection with the cleared portion for any purpose appertaining thereto. The furthest that any case has gone which has come under my notice is to hold that where a person claims title under a deed, and thus has color of title to a farm, or a lot of proper size to be possessed for a farm, or to be managed or used in a body, according to the custom and business of the country in which it is situated, and is in possession of a portion of the same, then he is constructively in possession of the whole. This rule has never been applied to a tract of land containing thousands of acres.”
The rule thus enunciated must be held to govern any possession or occupation under the defendant’s grant. From its enormous extent, and the character of the lands granted, lying under water the premises could not be used, cultivated, improved, or occupied as an entirety. Any adverse possession that the defendant has acquired under such a grant must be strictly confined to so much of the lands granted as it has been in actual, physical occupation of.
The testimony of one of the witnesses for the plaintiff shows that the first physical occupation of any part of the locus in quo was after the deed from Mary E. Burr to the plaintiff. Hence, that deed of conveyance, if the witness was credited, was not champertous. If the subsequent deeds of the plaintiff to Kniffen, and Kniffen back to the plaintiff, be regarded as champertous, of course the only effect is that the plaintiff may stand on the title acquired by her from the conveyance by Burr. We think, however, that so much of the judgment as directs the defendant to remove from the first piece of land all tracks, derricks, and other buildings and contrivances is erroneous. The defendant, pending the trial of the action, acquired the title of the plaintiff’s tenants in common, and thus at the time of the judgment was itself a tenant in common with the- plaintiff. Neither had the right to exclusive possession, and the defendant should be no more entirely ousted that the plaintiff. Because there are railroad appliance on the land, we do not see that that prevents -a common occupancy by the plaintiff. The case of Muldowney v. Railroad Co., 42 Hun, 444, does not support this judgment. ■ In that case the judgment did not turn the railroad company out, but, on the contrary, left it in sole possession, and decreed that it should pay an annual sum to the cotenant. Hence, in this respect, it entirely differs from the judgment before us. Nor is there any necessity for our seeking some new or extraordinary remedy for the plaintiff.
The very fact that the defendant occupies the land with tracks and railroad appliances puts it at the plaintiff’s mercy.
The judgment appealed from should be modified, by striking therefrom all provisions for the removal of defendant’s tracks and. appurtenances from parcel No. 1, as modified, affirmed, without costs.
All concur.