COMFORT *et al.* v. BALLINGAL, *Appellant.*

Division Two, May 12, 1896.

1. **Ejectment:** POSSESSION. Where one without permission has inclosed a lot owned by another, though he does not claim ownership and offers to remove the fence (but does not do so), such occupancy is sufficient to support ejectment against him.

2. **Written Instrument:** CONSTRUCTION BY JURY: HARMLESS ERROR. While the construction of a written instrument is usually a matter for the court, yet error in submitting it to the jury will not warrant a reversal of the judgment if it appears they gave it a correct interpretation.

3. **Judicial Notice.** Judicial notice will be taken that Kansas City, Missouri, is in Jackson county.

4. **Tax Sale:** NOTICE: KANSAS CITY CHARTER. A notice of the sale of property for taxes given by the city treasurer of Kansas City *held* not invalid under its charter (art. 5, secs. 37 and 67) because it does not state the city or county in which the property described is situated.

5. ———: ———. Where the statute provides the mode for proving due publication of notice of tax sale such mode is exclusive of other evidence.

134 281
148 541
134 281
155 425
134 281
84a 222
134 281
92a 383
134 281
179 137

6. **Supreme Court Practice**: INSTRUCTION: NON REVERSIBLE ERROR. A judgment will not be reversed for error in an instruction where it is evident the verdict was for the right party.

*Appeal from Jackson Circuit Court.*—HON. E. L. SCAR-RITT, Judge.

AFFIRMED.

*M. T. C. Williams* and *J. S. Botsford* for appellant.

(1) The court erred in the admission of the testimony of the witnesses Sheffield, Braley, Palmer, Eads, and Ulrich, and each of them, and of the witness, Mahoney, on cross-examination, in relation to the conduct of the sale of the delinquent land list of Kansas City, for the year 1889, and in refusing to strike out said testimony, for the reason that the same was incompetent, irrelevant, and immaterial, under the issues made by the pleadings, and inadmissible under the pleadings to impeach or invalidate the two city tax deeds in evidence, based on said sale. (2) The court erred in excluding by its instruction number 7, given for plaintiff, relevant, competent, and legal testimony introduced by defendant, showing the publication, as required by law, of the notice in the local columns of the *Evening News* for a period of ten days, of the publication of the delinquent tax list of Kansas City for the year 1889, and in the issue of said newspaper of October 10, 1889, as shown by the evidence of plaintiff. (3) In all the cases in this court, in which the question of the sufficiency of the notice of the sale of land for delinquent taxes has been presented, the court has passed as a matter of law on the notice, and declared it to be good or bad, as the case might be. Never has a question of this kind been heretofore submitted to the jury. *LaGroue v. Rains*, 48 Mo. 536; *Raley v. Guinn*, 76 Mo. 263; *Kinney*

Comfort v. Ballingal.

*v. Forsythe*, 96 Mo. 418; *Roth v. Gabbert*, 123 Mo. 21.
(4) And the same is the rule as to sale for delinquent
taxes under judgments of the circuit court. *Troyer v.
Wood*, 96 Mo. 478; *Chamberlain v. Blodgett*, 96 Mo. 482.
(5) And the general rule is, that the construction
of written and documentary evidence is a question of law
for the court, and not one of fact for the jury. *Levy v.
Gadsby*, 3 Cranch (U. S.), 180; *Goddard v. Foster*, 17
Wall, 142; *State to use v. Lafaivre*, 53 Mo. 470; *Edwards v. Smith*, 63 Mo. 119; *Carroll v. Campbell*, 110
Mo. 557; *Chapman v. Railroad*, 114 Mo. 542. (6) "It
is undisputed that where no other description is given
of lands sold, than by the number of the lot in a survey
of a tract of land, or the plan of a town or an addition
to the same, the authentic map of such survey is as
much a part of the deed as though set out in it." *Dold
v. Vodicka*, 49 Mo. 98; *Whitehead v. Ragan*, 106 Mo.
234; *Campbell v. Wood*, 116 Mo. 201. (7) The reference in the notice of sale to the land tax book of Kansas City, for the year 1889, that the description in the
notice is substantially the same as in such land tax
book, makes the description contained in such land tax
book a part of the description of the premises contained
in the notice. *West v. Brettelle*, 115 Mo. 659; *Hays v.
Perkins*, 109 Mo. 108. (8) This court will take judicial notice that Kansas City is in Jackson county,
Missouri. *State v. Pennington*, 124 Mo. 391. (9) The
seventh instruction given by the court for the plaintiff
excluding from the consideration by the jury as evidence, the files of the *Evening News* containing the ten
days' notices of the tax lists required by section 39,
article 5, of the city charter of 1889, is erroneous. *Raley
v. Guinn*, 76 Mo. 271; *State ex rel. v. Shires*, 39 Mo.
App. 360; *Dingle v. Pollock*, 49 Mo. App. 480; *State,
etc., v. Hutchinson*, 116 Mo. 399. (10) Certificates of
purchase are not to be rejected, for mere technical de-

fects, but are to be liberally construed. Black on Tax Titles, sec. 161; *Keith v. Freeman*, 43 Ark.; *Coburn v. Crittenden*, 62 Miss. 125; City Charter, art. 5, sec. 66, p. 58. (11) It is well settled in this state, that a plaintiff can not recover upon an equitable title in an action of ejectment, where the pleadings are in ordinary form and the equitable title is not specially pleaded. *Guyol v. Chouteau*, 19 Mo. 546; *Williams v. Campenuer*, 35 Mo. 70; *Beal v. Harmon*, 38 Mo. 435.

*Teasdale, Ingraham & Cowherd* for respondents.

(1) The land tax book for 1889 was not verified as required by the charter. If the making of this certificate by the auditor be one of the jurisdictional matters, which the legislature intended as a primary requirement before the list should be deemed completed, then the law has not been complied with and there was in this case no legal and complete assessment roll and the subsequent proceedings were therefore void. *State ex rel. v. Cook*, 82 Mo. 185; *Pike v. Martindale*, 91 Mo. 280; *Howard v. Heck*, 88 Mo. 460; *State ex rel. v. Philips*, 102 Mo. 668. (2) The notice of sale was insufficient; it did not describe the land as being in Kansas City, Jackson county, or the state of Missouri. *Bidwell v. Webb*, 10 Minn. 59; Black on Tax Titles [2 Ed.], secs. 208, 209. Extrinsic evidence was not competent to prove the publication of the notice for ten days. Black on Tax Titles [2 Ed.], sec. 214; *Lessee of Kellogg v. McLaughlin*, 8 Ohio, 114; *Longbarrow v. Parker*, 16 Serg. and R. 351; *Doe v. Sweetzer*, 2 Ind. 649; *Early v. Doe*, 16 Wall. 618; Cooley on Tax, pp. 334–336; *Martin v. Barbour*, 140 U. S. 644; *Lagroue v. Rains*, 48 Mo. 538; *Lynn v. Morse*, 76 Iowa, 665; *Wilson v. McKenna*, 52 Ill. 43; *Wisner v. Chamberlin*, 117 Ill. 568. (3) The certificate of purchase was insuffi-

cient. (4) Respondent was out of possession. He therefore had an adequate remedy at law and could not resort to equity. *Hickman v. Dawson*, 33 La. Ann. 438; *Davis v. Sloan*, 95 Mo. 553; *Carlin v. Beebe*, 36 Iowa, 336; *Abbott v. Doling*, 49 Mo. 302; 25 Am. and Eng. Encyclopedia of Law, p. 436; *Keane v. Kyne*, 66 Mo. 216; *Clark v. Ins. Co.*, 52 Mo. 272; *Maguire v. Tyler*, 47 Mo. 115; *Janney v. Spedden*, 38 Mo. 395. (5) The true rule for measuring the damages in such a case as this is to ascertain what plaintiff might have received from a prudent use or management of it had he not been deprived of its possession. *Campbell's Adm'r v. Brown*, 2 Woods (U. S.), 349; Newell on Eject., p. 609; Sutherland on Dam., sec. 994; Sedgwick on Dam., sec. 908; *Wallace v. Kendall*, 101 N. Y. 13; *Woodhull v. Rosenthal*, 61 N. Y. 382.

BURGESS, J.—This is an action of ejectment for lots 1, 2 and 3, in Rickert's first addition to Kansas City, Missouri. The ouster is laid November 20, 1891. The damages are alleged to be $1,500, and the monthly rents to be $150 per month.

The answer admits the possession of lots 1 and 3, and alleges such possession to be lawful, but denies all other allegations in the petition.

The case was tried to a jury, who rendered a verdict for plaintiffs for all three of the lots sued for, assessed their damages at $200, and the value of the monthly rents and profits at $12.50 per month. Plaintiffs remitted $100 of the damages and $4.50 per month of the value of the monthly rents and profits, and judgment was then rendered in favor of plaintiffs for the balance of the damages and rents and profits according to the verdict of the jury. Defendant appealed.

Plaintiffs showed a derivative title to the lots in

controversy from the United States down to themselves, at the date and record of the tax deeds to lots 1 and 3, under which defendant claims to have acquired his title to said lots; and also the value of the rents and profits of the premises.

Defendant, to sustain the issues on his part, read in evidence, over the objections of plaintiffs, tax deeds executed by Theodore S. Case, city treasurer of Kansas City, to Thomas O'Leary, one for lot 1, and the other for lot 3 of the property sued for, together with the acknowledgments and the certificates of the recorder indorsed thereon as to the filing of the same, and all indorsements on each deed. Defendant claimed title to lots 1 and 3 by purchase from O'Leary, but denied any claim or title to lot 2.

The deeds are assailed by plaintiffs on various grounds.

The court over the objections of defendant gave fourteen instructions to the jury, but in order to a proper disposition of the case, it will only be necessary to set forth herein the first and fourth which are as follows:

"1. You are instructed that plaintiff brings this action to recover the possession of lots 1, 2, and 3, Rickert's first addition to Kansas City, Missouri. That defendant, by his answer, admits that he is in possession of lots 1 and 3. And you are further instructed that defendant does not claim the right to the possession of said lot 2. And if you find from the evidence that on or about the first day of February, 1892, defendant entered into possession of said lot 2, by inclosing the same with a fence, if he did so fence the same, and still withholds the possession thereof from the plaintiff, then as to said lot 2 you will find for the plaintiff and assess his damages as to that in the manner hereinafter set forth in these instructions."

"4. If you believe from the evidence that the notice of sale for delinquent taxes read in evidence or the notice that a deed would be issued to the purchaser, also read in evidence, did not describe the property as lying in Kansas City, Jackson county, Missouri, then said notices were insufficient, and all proceedings based therein were illegal, and defendant's tax deed in evidence is no defense to this action."

The first instruction is criticised by defendant in that it is claimed that it was not warranted by the evidence, and ignored important facts shown by the evidence of defendant.

Lot 2 lies between lots 1 and 3, and in order to inclose the lots claimed by defendant he inclosed all three of them, without any intention, however, of holding or claiming possession of lot 2 adversely to the true owners. A witness on the part of plaintiffs testified that the fence inclosing the lots was a common, substantial fence, while defendant testified in his own behalf that in January or February, 1892, he caused a fence to be constructed on one side of the three lots, consisting of posts and some bars, and a part of the way on another side, that was, with four posts four or four and a half feet high, with rails, put along so that cows could not come under it; that he brought the fence down on the north side of the lots to within eighteen or twenty feet of his barn, on the west side of his residence property, which joined lot 3 of the property in controversy. Before the suit was begun defendant informed plaintiffs and also their attorney that he did not claim lot 2, and if plaintiffs did not desire the fence to remain as it was, he would remove it.

It thus seems quite clear that defendant was in the actual possession of lot 2 at the time of the commencement of this suit. It also appears that he so continued up to the time of the trial, and, although before the

commencement of the suit he offered to abandon it,
he did not do so. It is true, under the facts stated by
defendant, his possession was not adverse to the true
owners, so as to put the statute of limitations in opera-
tion, but that it existed there can be no doubt. And
its nature was not changed by reason of his offer to
surrender it. Had he desired to avoid being sued for
possession, he should have abandoned the premises.
The legal title being in plaintiffs, and the possession
of defendant being conclusively shown, it was, in the
absense of consent by plaintiffs, unlawful, and there
was no reversible error committed in giving the instruc-
tion.

It is next insisted that by the fourth instruction
questions of law were submitted to the jury; that is,
whether the notice of sale of the delinquent land
list of Kansas City for 1889, and the notice that deeds
would be issued to the purchaser, described the prop-
erty in controversy as lying in Jackson county, Missouri,
which were questions to be determined by the court.

Whether the notice of the sale of the lots for
delinquent taxes which was read in evidence, and the
notice that a deed would be made to the purchaser,
also read in evidence, described said lots as being in
Kansas City, Jackson county, Missouri, were questions
of law to be determined by the court. The question is
not as to whether notice had in fact been given,
thereby presenting a question of fact, upon which it
would have been the province of the jury to pass, but
is as to whether those that were given were in accord-
ance with the provisions of the charter of Kansas City,
which require such notices to be given. The general
rule is that the construction of written and printed
documents in evidence is a question of law for the court
and not one of fact for the jury (*Levy v. Gadsby*, 3
Cranch, 180; *Goddard v. Foster*, 17 Wall. 142; *State to*

*use v. Lefaivre,* 53 Mo. 470; *Chapman v. Railroad,* 114 Mo. 542), and the notices in question are not exceptions to the general rule.

Under this instruction the jury must have found that the lots were not described in the notices as being in Jackson county, Missouri, and in consequence thereof that the proceedings based thereon were illegal, and the tax deeds under which defendant claims title invalid, and no defense to this action. This is the logical result flowing from the verdict.

If, therefore, the jury construed the notices wrongly, the judgment must be reversed, but if they construed them rightly the error is immaterial and it would be a work of supererogation to reverse the "judgment in order that the judge might decide what the jury rightly decided." 1 Thompson on Trials, sec. 1020, and authorities cited; *Lee v. Dunlap,* 55 Mo. 454.

There are several objections taken by plaintiffs to the notice of sale, publication, and the proof of the publication of said notice. The first is that the notice does not describe the lots as lying in Kansas City, or Jackson county, or the state of Missouri. The notice is as follows:

"PUBLICATION OF REAL PROPERTY FOR THE YEAR 1889.

"Notice is hereby given that I, William Peake, city treasurer of Kansas City, Missouri, will at my office in the basement of the Nelson building, at the southeast corner of Missouri avenue and Main street, in said city, on the fourth day of November, A. D. 1889, at 10 o'clock in the forenoon, in accordance with section 38, article 5, charter of Kansas City, offer for sale the following parcels of real property.

"The following is a description, substantially the same as in land tax book, 1889, of Kansas City of the

VOL. 134 mo—19

several parcels of real property to be sold and delinquent taxes and assessments thereon, and such real property as has not been advertised and sold for taxes on any previous year or years and on which taxes remain due and delinquent, and the amount of the taxes, interests, and costs against each parcel of real property.

"WILLIAM PEAKE,
"City Treasurer of Kansas City, Mo.

| Tract No. on Land Tax Book | Description of the several parcels of real estate to be sold | Lot | Block | Dollars | Cents | Dollars | Cents | Total amount taxes, interest and costs against each parcel of real estate. |
|---|---|---|---|---|---|---|---|---|
| | | | | | | Interest and costs. | | |
| | * | * | | | * | | | |
| 23208 | Rickert's First Addition. | 1 | | 13.20 | | 93 | 14.13 | |
| 23210 | | 3 | | 11.00 | | 81 | 11.81 | |
| | * | * | | | * | | | " |

Section 37, article 5, of the charter of said city provides that on the first Monday of November of each year the city treasurer shall offer at public sale at his office in said city all real property on which taxes shall remain due and unpaid, and such sale shall be made for and in payment of the total amount of taxes, interest, and costs due and unpaid on such property. The following section provides that the notice to be given of such sale shall state the time and place thereof, and contain a description, substantially the same as in the land tax book, of the several parcels of real property to be sold, and all delinquent taxes thereon.

By section 67, of the same article, it is provided that "any and all descriptions of real estate in any

assessment, land tax book, book of sales, advertisement, notice, certificate of purchase, receipt, deed, paper, or document of any nature or description, made or executed under or pursuant to this charter, when so made that the lot or tract intended may be identified or located, shall be deemed and held good, valid, and complete, as though the same had been written out in full."

The land tax book has a heading at the top of each page as follows: "Land Tax Book of 1889, of the City of Kansas, Jackson county, Missouri."

The description of the lots in question, as contained in the land tax book of 1889, is substantially the same as in the notice of sale of the delinquent list of that year.

This court will take judicial notice that Kansas City, Missouri, is in Jackson county (*State v. Pennington*, 124 Mo. 388), and from the description of the lots in the notice, the reference therein to the land tax book of Kansas City, for the year 1889, where the descriptions are the same, the reference to the section of the city charter of said city prescribing the notice to be given for the sale of real property, for delinquent taxes, the fact that the notice is given by the city treasurer of said city, whose name appears thereto, in his official capacity, that his functions as such officer are confined to the limits of the city, that the lots are described on the land tax book of Kansas City, Missouri, for 1889, as lots 1 and 3 Rickert's first addition to Kansas City, Missouri, we must hold that the notice when considered in the light of section 67, of article 5, of the city charter above quoted, described the lots as being in Kansas City, Jackson county, Missouri.

The general rule, however, is that the notice itself must impart all necessary information as to the land to be sold and the time and place of sale.

It is insisted by plaintiff that the notice of the publication of the sale was insufficient and invalid, because: *First*, proof of its publication was not made, by the printer, publisher, or business manager of the paper in which it is claimed to have been published, viz: *The Evening News*, but was made by the president of the Evening News Company. *Second*, the affidavit of its publication which was filed does not show that the notice was published for ten days, as required by the city charter, but shows that the same was published for one day only.

Section 39, article 5, of said charter, provides that notice of sale of real property for delinquent taxes shall be published once in the daily edition of some newspaper of general circulation published in Kansas City, and for the further period of ten days immediately following such publication there shall be inserted notice in large type at the head of the columns upon its local page stating the day and date of said publication so made. Said section of the charter further provides that the city treasurer shall obtain a copy of said advertisement together with a certificate of the due publication thereof from the printer, publisher, or business manager of the newspaper, and shall file same in the office of the city auditor.

The affidavit of the publication of the notice which was duly sworn to by the person making it is as follows:

"AFFIDAVIT OF PUBLICATION.

"Nathan Eisenlord, of the City of Kansas, Missouri, of lawful age, being duly sworn, says that he is the president of *The Evening News*, a newspaper published daily, except Sunday, in the City of Kansas, Jackson county, Missouri, and that the notice of delinquent tax sale, a true copy of which is hereto attached,

was duly published in the daily edition of said newspaper, for the period of one day, beginning October 10, 1889, and ending October 10, 1889, on the following dates: October 10. The same being published in number 178 in volume 5 of said newspaper.

"NATHAN EISENLORD."

The only evidence adduced by defendant to show that the notice was published for ten days immediately following the publication of October 10, 1889, in the *Evening News*, was the issues of that paper of October 15, 16, 17, 18, 19, 21, and 22, 1889, which were procured from the office of the Kansas City librarian, where the paper was received and bound in volumes, from which it appears the notice was published in each of those numbers as in the issue of October 10.

The city charter provides that the city treasurer shall obtain a copy of said advertisement, together with a certificate of the due publication thereof from the *printer, publisher, or business manager* of the newspaper in which the same shall have been published, and shall file the same in the office of the city auditor, etc.

When the process of collecting taxes by the sale of lands for their nonpayment is a summary remedy, as in the case at bar, and the law requires that certain things be done by the officer making such a sale in connection therewith, nothing less than a strict compliance with such requirements will suffice, and, unless it appear that the law has been strictly complied with, the sale will be void.

The law not only required that the treasurer should obtain a copy of said notice of sale, together with a certificate of the due publication thereof, from the printer or publisher or business manager of the paper in which it was published, but that he should file the same in the office of the city auditor. The certificate

in this case was made by the president of the *Evening News*, a person not mentioned in, or contemplated by, the city charter, and so far as its legal effect is concerned had just as well not have been made. Moreover, it only goes to the publication of the notice in one issue of the paper, to wit, October 10, 1889, while the law requires that it should be published for ten days before the sale. This infirmity in the certificate, even if it had been made by the printer, publisher, or business manager of the paper, as required by the charter, was not cured by the introduction in evidence of other numbers of the paper in which the notice was published, obtained from the city library. It has been held that copies of newspapers in which such notices were published are not sufficient evidence unless accompanied by the affidavit of the printer or publisher of the paper. *Luffborough v. Parker*, 16 Serg. & R. 351; Black on Tax Titles [2 Ed.], sec. 214.

"Where the statute itself appoints the evidence by which the fact of due publication of the notice shall be proved, and directs how it shall be made and how recorded or preserved, such preappointed evidence is, as a rule, exclusive, and the lack of it can not be supplied by parol or by any other evidence." Black. on Tax. Titles, sec. 214, *supra; Martin v. Barbour*, 140 U. S. 634; *Iverslie v. Spaulding*, 32 Wis. 394; *Martin v. Allard*, 17 S. W. Rep. (Ark.) 878.

It would be a dangerous principle to adopt, that titles to land derived from tax sales may be sustained partly by record and partly by parol proof. The publication of notice of the tax sale, the certificate that such notice had been given, and filing the same in the office of the city auditor in the manner and time prescribed by law, were prerequisites to the validity of the tax deeds. And "any neglect of the officer selling land for the nonpayment of taxes, which deprives the owner

and bidders of the full information the law intended to give them, renders the sale invalid." *Jarvis v. Silliman*, 21 Wis. 607.

What has been said does not in our opinion conflict with *Raley v. Guinn*, 76 Mo. 263. In that case the land had been sold for delinquent taxes under a judgment rendered by the county court of Schuyler county, on a notice by publication in a newspaper, and while it was said the affidavit of the printer was not the only evidence of the publication, it was held by a divided court that, as the judgment of the county court expressly averred that the collector had given due notice, a tax deed founded upon the judgment could not be attacked by showing that the printer failed to affix to the copy of the newspaper containing the list, which in compliance with the statute was filed in the court at the time the judgment was rendered, his certificate under oath showing the due publication thereof. In other words, that as the judgment recited that notice had been given it could not be collaterally attacked.

But there was no judgment under which the lots were sold in this case. The notice of the sale, together with the certificate of its due publication, when filed in the office of the city auditor, constituted a part of the record of the tax proceedings, and may have been examined by the owners of the lots, who failed to pay the delinquent taxes solely for the reason that they discovered there was no record evidence that the notice of sale had been duly published by the city treasurer. We must, therefore, in the absence of proper evidence of these important facts, hold the tax deeds void.

The conclusion reached renders it unnecessary to pass upon other questions raised by counsel in the case. The question of damages was properly adjusted by the trial court. The judgment was clearly for the right party, and although error was committed

State ex rel. v. Public Schools.

in the instruction, as heretofore indicated, no other result could be reached on another trial. *Macfarland v. Heim*, 127 Mo. 327, and authorities cited. We therefore affirm the judgment. GANTT, P. J., and SHERWOOD, J., concur.