### OUTHWAITE *v.* GUNN.

**1. EJECTMENT—BOUNDARIES—ADVERSE POSSESSION.**

Where plaintiff brought ejectment to recover a strip of land two or more inches in width next to her lot which defendant had occupied with a foundation wall and its footings, it was not a defense to the action that the defendant did not claim to occupy the land adversely and before plaintiff brought action promised to remove the footings of the concrete wall. The court erred in assuming as a part of its instructions that the occupancy was not unlawful if not adverse to plaintiff.[1]

**2. SAME—ABANDONMENT.**

And a recovery in ejectment is warranted although defendant abandoned his occupancy, if he held possession at the time suit was commenced.

**3. SAME.**

And under conflicting evidence it was error for the trial court to hold that the footings of defendant's wall did not extend upon plaintiff's land and to determine as matter of law which of the surveys was correct.

Error to Muskegon; Sullivan, J. Submitted November 12, 1913. (Docket No. 91.) Decided March 28, 1914.

Ejectment by Blanche C. Outhwaite against Charles L. Gunn. Judgment for defendant. Plaintiff brings error. Reversed.

*William Carpenter,* for appellant.

*Cross, Vanderwerp, Foote & Ross,* for appellee.

MCALVAY, C. J. This is a suit in ejectment brought by plaintiff against defendant to recover a strip of land six inches wide on the south side of her premises

---

[1] As to ejectment for encroachments under surface or overhead, see note in 11 L. R. A. (N. S.) 917.

in the city of Muskegon upon which plaintiff claims defendant has encroached and now occupies with the basement or foundation wall of his building, and its footings. The case was tried before a jury and resulted in a verdict in favor of defendant, upon which a judgment was duly entered. Plaintiff brings the case to this court for review.

The facts in the case are that the parties to this suit own and occupy adjoining lots in the city of Muskegon located upon block 32, of Newell's Enlarged and Corrected Plat of the city of Muskegon. This plat is not laid out according to the points of the compass, but Pine street runs through it northwesterly and southeasterly in front of these premises, and Walton street crosses Pine street on the south side of block 32, running northeasterly and southwesterly, intersecting Pine street at its southeasterly corner, and runs along the south side of said block. Plaintiff owns lot 11, and the defendant owns lots 12 and 13 next south of her lot; each of these lots being 22 feet in width, and all fronting on Pine street and extending westerly to an alley in the block. Lot 13 is in the southeast corner of the block, and its south line extends westerly along the north line of Walton street.

Defendant, in 1906, erected a two-story concrete building on lots 12 and 13 intended to cover their full width, extending from the west line of Pine street westerly about two-thirds their depth. He also built a two-story brick building west of the concrete building on these lots facing Walton street extending from the westerly end of the concrete building to the east line of the alley in the rear of these lots and in depth intended to extend from the north line of Walton street the full width of said lots 12 and 13. Plaintiff, intending to erect a building on her lot 11 facing Pine street the full width of said lot, had begun excavating and had gone down below the street line on the side

next to defendant's north wall 7 or 8 feet, when it was discovered that his basement wall, as she claims, for its full length, encroached upon her premises at least 2 inches and the footings under such wall encroached about 6 inches. Defendant was notified, and this suit was begun. Construction of her building proceeded, she having let a contract, and her contractor, employed by defendant for that purpose after this suit was commenced, broke off the concrete footings even with the north side of his (defendant's) foundation or basement wall and built the south wall of plaintiff's building against defendant's foundation wall up to the top of it, where the north wall of the superstructure of defendant's concrete building begins. This left a space of 2 inches between the south side of her wall and the north side of defendant's wall above his foundation, caused, as plaintiff claims, by his encroachment of 2 inches upon her land with his entire basement wall. The south wall of the superstructure of her building was then erected upon a plumb line and met defendant's wall at or above the beginning of her second story, by reason of the leaning of his wall out of a true line toward the north. The rear wall of the brick building extends 1 inch beyond the north wall of the superstructure of the concrete building and its foundation extends about 3 inches beyond. This was the condition at and before the time this suit was brought.

Defendant was informed of the fact that his buildings encroached upon plaintiff's land, and he promised to remove the footings. The testimony shows there was a dispute as to whether he made this promise before or after suit was begun. The footings were not removed until some time after. During the course of the construction of the plaintiff's building, it was found that the porch floor extended about 4 inches and the porch roof extended about 8 inches over the plain-

tiff's land. It was necessary to cut these off in order to put up the wall. It appears to be admitted that the superstructure of defendant's building where it meets the top of the basement wall is exactly on the north line of his lot, No. 12. There is testimony in the case tending to show that the basement wall is 2 inches farther north than this wall and that the footings extended from 3 to 6 inches farther north.

The errors assigned relate entirely to the instructions of the court to the jury. Relative to the removal of the footings of the north wall of defendant's concrete building, the court instructed the jury that plaintiff could not recover provided the jury found that defendant's promise to remove these footings was made before the bringing of suit. The jury was further instructed that they had nothing whatever to do with the footings that were there at the time of the trial. Both of these instructions are claimed by plaintiff to have been erroneous.

The undisputed evidence in this case shows that the footings under the north wall of defendant's concrete building extended several inches beyond the north side of the foundation wall onto plaintiff's lot. Defendant so testifies, claiming that before suit was commenced he promised to remove them. No promise is claimed to have been made relative to other claimed encroachments.

There is no dispute in this case relative to the ownership of these adjoining properties. The only question involved is whether the defendant at the time of the commencement of suit against him was in the occupation of a narrow strip belonging to plaintiff's lot next north of the north line of his lot, No. 12. That he made a promise at some time to have these projecting footings of the basement wall of his concrete building removed is not in dispute, although the time when it was made is disputed. The evidence is clear

that they were not removed until some time after the suit was commenced.

The court, in giving the first of these instructions above stated, evidently considered that on account of the promise made by him defendant was not occupying adversely to plaintiff. In this the court was in error for the reason the plaintiff claimed that not only were the footings of this wall unlawfully upon her property, but also that the entire basement wall of the concrete building encroached upon her premises at least two inches, and that the basement wall and its footings of the brick building encroached a considerable distance further; also, for the further reason that defendant's occupancy of any portion of her premises was unlawful even though not adverse. *Rose* v. *Linderman,* 147 Mich. 372 (110 N. W. 939, 11 Am. & Eng. Ann. Cas. 198).

If defendant was in possession at the time suit was brought, plaintiff can recover even if he afterwards abandoned it. *Archibald* v. *Railroad Co.,* 1 App. Div. (N. Y.) 251 (37 N. Y. Supp. 336) ; *Comfort* v. *Ballingal,* 134 Mo. 281 (35 S. W. 609).

The plaintiff was entitled to have all of the evidence in the case as to defendant's occupation of plaintiff's premises submitted to the jury, which included a consideration of whether or not the walls of these buildings and the footings under the walls along the entire line of her lot were north of that line. The court was in error in charging the jury in the manner stated upon both propositions.

Further error is claimed, in that the court charged the jury that the true foundation line between the two lots is the line on the north line of the general foundation under the brick building that was located by Mr. Gunn. In this matter the court was in error. We do not find in the record that Mr. Gunn testified at all relative to the wall of the brick building. It

was for the jury to determine the effect of defendant's testimony as to where the north line of his lot was, as such testimony was capable of being construed to relate to the north line of his superstructure, which might be considered by the jury in connection with other testimony in the case that his foundation wall along the entire north side of his concrete building extended two inches north beyond the superstructure.

As the case must go back for another trial, it is only necessary to say, relative to the testimony of the surveyors which was taken from the consideration of the jury, that there was material testimony given by the city surveyor as to the establishment of the section line from which the survey of these premises started, which, if followed up, by the testimony of his assistants, should be considered by the jury. The county surveyor, Abbott, gave substantive testimony to the fact that the width of the concrete building of defendant north and south measured by him was 44 feet and 2 inches. It was error, in any event, to take that portion of his testimony from the consideration of the jury.

For the errors pointed out, the judgment of the circuit court is reversed, and a new trial granted.

BROOKE, KUHN, STONE, OSTRANDER, BIRD, and STEERE, JJ., concurred.