ALLEN v. McMONAGLE, *Appellant.*

1.  **Justices' Courts :** COMPLAINT: APPEAL TO CIRCUIT COURT: AMEND-
    MENT: CONVERSION.   A statement filed in a justice's court was in
    the following form:  "J. McM. Dr. to S. W. A., To nine sheep, $25."
    *Held,* (1) That this was a sufficient statement of a claim for the con-
    version of the sheep; (2) That it was proper to allow the plaintiff,
    when the case reached the circuit court, to file an amended state-
    ment setting out his claim more fully.

2.  **Conversion.**   Any wrongful taking or assumption of a right to
    control or dispose of property constitutes a conversion.   Any wrong-
    ful act, which negatives or is inconsistent with the plaintiff's right,
    is *per se* a conversion.

*Appeal from Caldwell Circuit Court.*—HON. E. J. BROADDUS,
                        Judge.

AFFIRMED.

Action commenced before a justice of the peace on
the following account:  "1879, John McMonagle Dr. to
S. W. Allen, To nine head of sheep, $25."   In the jus-
tice's court there was no other statement of plaintiff's
cause of action.   In the circuit court, against the objection
of defendant, the court gave plaintiff leave to file, and he
did file, the following as an amended statement:

Plaintiff states that on or about the 29th day of June,
1879, he was owner of nine head of sheep, of the value of
$25 ; that at said last date the defendant wrongfully, and
without leave, converted the said sheep by depriving
plaintiff of the use and permanent dominion over them,
and to the exclusion and defiance of plaintiff's right to
said sheep, to his damage, etc.

To support the issues on his part plaintiff introduced evidence tending to show that nine of his sheep strayed off and joined defendant's flock at defendant's farm, and were fed with his sheep, and were permitted to remain with them until sheep buyers from Kansas bought defendant's flock; that when defendant sold his flock plaintiff's were intermingled with defendant's sheep, and that defendant knew that the purchasers were going to drive plaintiff's sheep to Kansas and convert the same to their own use; and that defendant consented to the taking them away for that purpose, and assisted in driving the flock, which embraced plaintiff's sheep, off his place, and along the road for a mile or so; also, that he took the address of the purchasers, who said to him that if any one came to him about the sheep, and he would write to them, they would send back pay for such sheep.

The court, at the instance of plaintiff, gave the following instructions:

1. If the jury find from a preponderance of the evidence that defendant delivered his flock of sheep to the parties to whom he sold, and that he delivered plaintiff's sheep at the same time and place, knowing that said parties were taking the same to drive away, or out of the state, then they will find for plaintiff, etc.

2. If the jury shall believe that plaintiff had sheep at defendant's and running with his flock, and that defendant sold his own flock to men to take to Kansas, and, as an inducement to sell his own sheep, permitted said men to take plaintiff's sheep along with his own, so sold, or informed them that they could take plaintiff's sheep or not, as they saw fit; and said men did take along said sheep, then this is in law a conversion of the sheep of plaintiff by defendant, and the jury will find for plaintiff, etc.

The defendant asked the court to give each of the following instructions:

1. The jury are instructed that as plaintiff's sheep were trespassers on defendant's farm, defendant had the

right to drive them from his farm, or to cause them to be driven off by others.

2. If plaintiff's sheep were taken away and converted by the parties from Kansas, and defendant knew that said parties were taking said sheep away, defendant would not be liable unless he aided, assisted or encouraged said parties to take them away.

3. If the jury find from the evidence that the defendant sold to the Kansas parties his own sheep, which were at the time in defendant's field, along with the strays mentioned in the evidence; and if the jury further find from the evidence that the Kansas parties, while one of them was paying defendant for his sheep, went to the field and turned out [    ] into the road the sheep that they had bought of defendant, and took along at the same time the strays, the jury are instructed that such conduct would not constitute a delivery or conversion of the strays by the defendant, and the jury must find for the defendant, unless they further find that defendant aided, assisted or encouraged said parties to take away said strays.

The court gave instruction numbered two, but refused to give instructions one and three. The court then modified instruction three as asked by defendant, by inserting in the same, at the point indicated by the bracket, the following words : " without the consent of the defendant;" and, after modifying the instruction gave the same. There was a verdict and judgment for plaintiff, and defendant appealed.

*Crosby Johnson* for appellant.

The suit in the justice's court was a suit upon an account. There was nothing stated from which a tort could be inferred. The amended statement presents an action of trover. The causes of action are not the same. *Clark v. Smith*, 39 Mo. 498 ; *Beattie v. Hill*, 60 Mo. 72 ; *Lumpkin v. Collier*, 69 Mo. 170 ; *Razor v. R'y Co.*, 73 Mo. 475. Instruc-

tion two, given for plaintiff, is erroneous. Defendant was under no obligation to actively exert himself to protect plaintiff. He could remain passive without making himself responsible. A declaration that they might take them or not, as they saw fit, amounted to nothing more than a declaration that he intended to remain passive; that he did not intend to interfere actively to encourage or prevent it. The fact that he knew a trespass was intended does not make him liable. He would not be liable unless he encouraged or assisted in the trespass. Assent is only sufficient when the trespass was committed for the benefit of the party charged. *McManus v. Lee*, 43 Mo. 206.

*Ross* for respondent.

SHERWOOD, J.—The case of *Hale v. Van Dever*, 67 Mo. 732, is decisive of the sufficiency of the statement filed with the justice, or if that were insufficient, of the right to amend the statement in the circuit court; that such amendment did not change the cause of action.

Taken as a whole, we discover no objections to the instructions given, and no error in refusing those which were refused. There was evidence sufficient to go to the jury, tending to show a conversion. Any wrongful taking or assumption of a right to control or dispose of property, constitutes a conversion. Any wrongful act, which negatives or is inconsistent with the plaintiff's right, is *per se* a conversion. *Williams v. Wall*, 60 Mo. 318; *State v. Berning*, 74 Mo. 87. Therefore, judgment affirmed. All concur.