JAMES KEHOE, Respondent, v. FRED PHILLIPI, Appellant.

St. Louis Court of Appeals, November 25, 1890.

1. **Practice, Trial:** WEIGHING THE EVIDENCE. In an action at law nothing is presented for review, if no exception is saved to the admission or rejection of evidence, and no instruction is asked or given, and if the verdict is sustained by substantial evidence.

2. ——: DISMISSAL AS TO ONE OF SEVERAL PLAINTIFFS. If an action is commenced jointly by two parties, and it appears that the property sued for belongs partly to the one and partly to the other, the

defendant cannot complain of the dismissal of the action as to one of the plaintiffs, and the rendition of judgment for the other in relation to the property of the latter.

3. **Justices of the Peace:** VARIANCE. Although a plaintiff, in commencing an action before a justice of the peace, files as the basis of his action merely an account for the value of certain designated property, he may recover for a conversion of the property designated.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

*Frank A. C. MacManus,* for appellant.

*T. J. Rowe,* for respondent.

BIGGS, J.—This action originated before a justice of the peace, and was there prosecuted to a judgment in the names of the plaintiff and M. A. Kehoe, his wife. The defendant appealed the case to the circuit court. The statement filed before the justice was in the form of an account. In the account the defendant was charged with the use of a forge for several months, and the value of certain tools, pulleys, belts, oil, etc. In the circuit court a jury was waived, and the case submitted to the court. At the close of the evidence the plaintiffs dismissed the action as to the wife. The court rendered judgment in favor of the husband for the value of the personal property mentioned in the account, and the defendant again appealed. No instructions were asked or given, and no exceptions were saved to the admission or rejection of evidence.

If we understand the appellant's brief correctly, the only question that is seriously pressed in this court is that the cause ought to have been dismissed, because it was made to appear by the evidence that the subject-matter of the suit grew out of. and pertained to, an unsettled partnership between the plaintiff and the

defendant. If there was no evidence to contradict this, then the judgment could not be upheld. On this question, however, there was a direct conflict in the testimony, and, as the trial judge must, of necessity, have found this issue for the plaintiff, we cannot disturb the judgment on this ground. The plaintiff testified that the firm referred to by the defendant was composed of the defendant and the plaintiff's wife, and that he (plaintiff) had no interest in, or management of, the business, except as the agent of his wife; that the goods mentioned in the statement belonged to the plaintiff; that they had been stored by him in the defendant's house, and that they had been sold and the proceeds converted by the defendant without the plaintiff's consent.

The defendant also complains of the court's action in permitting the withdrawal of M. A. Kehoe as a coplaintiff. How the defendant was prejudiced by this, we cannot see. The evidence tended to show that the forge mentioned in the account belonged to the wife, and the property alleged to have been converted belonged to the husband. Under this state of the proof an amendment of some kind became necessary. The wife saw fit to dismiss the action so far as she was concerned, and the recovery was limited to property owned by the husband. Of this the defendant has no right to complain. The question, whether the husband was erroneously added as a coplaintiff in the first instance, is not presented by any proper assignment of error.

There was no material variance between the statement and the proof. This identical question has been passed on by the supreme court in the case of *Allen v. McMonagle*, 77 Mo. 478. In that case the statement filed before the justice was in the following form: "John McMonagle, debtor to S. W. Allen. To nine head of sheep, twenty-five dollars." The evidence showed a conversion of the sheep. It was held that there was no variance, and that the statement was sufficient.

We find something in the record, and the appellant's brief, concerning an arbitration of the matters in controversy between the plaintiff and the defendant, but this was denied by the plaintiff. The matter is not presented by the record in any way that we can review it.

We find no error in the record. The judgment of the circuit court will, therefore, be affirmed. All the judges concurring, it is so ordered.