BUSHEY, *Appellant,* v. GLENN.

DIVISION ONE.

1. **Military Bounty Lands:** LIMITATION: ADVERSE POSSESSION. The two years' limitation relating to military bounty lands prescribed by General Statutes, 1865 (p. 745, sec. 1), which took effect August 1, 1866, applies to an adverse possession of such lands occurring after said date, and the limitation of ten years is inapplicable.

2. ———: ———: ———. Notorious and open adverse possession of military bounty lands by fencing and leasing the same and pasturing cattle thereon for the period of two years prior to an action for the recovery of the land, gives one in such possession a good title whether he has color of title or not.

3.   Supreme Court Practice: HARMLESS ERROR.   A judgment will
   not be reversed for error in the instructions where the verdict
   rendered was the only one the jury could have rightly returned.

*Appeal from Linn Circuit Court.*—W. H. BROWNLEE,
Esq., Special Judge.

AFFIRMED.

*Charles A. Davis* and *C. D. Yancey* for appellant.

(1) An examination of the evidence shows that
the defendant did not hold the land adversely for ten
years, hence, the ten years' statute does not apply. (2)
This being a military bounty location by "a soldier
engaged in the military service of the United States"
in a war "in which this country has been engaged since
1790, and prior to the third day of March, 1855, comes
precisely within the exceptions of the act of 1866, which
is as follows: "This provision in relation to military
bounty land shall not apply in any case where the title
is claimed under locations of military land warrants
issued to soldiers of the Mexican war, or any military
land warrant under act of 1850, and amendatory act of
1855."

*A. W. Mullins* and *H. Lander* for respondent.

(1) All the evidence shows that there was no pos-
session of the land prior to the Wagner purchase,
November 5, 1868, and no cause of action ever accrued
until after the passage of the two years' limitation act
applicable to military bounty lands, which took effect
first of August, 1866 (Gen. Stat. 1865, sec. 1, p. 745), and,
therefore, that part of plaintiff's instruction relative to
right of action prior to August 1, 1866, is based on no evi-
dence whatever. (2) The deeds read in evidence by
defendant were only introduced as color of title, upon
which to base adverse possession under the statute of
limitations, for which purpose they were sufficient and

were properly admitted in evidence. *Hickman v. Link*, 97 Mo. 488; *Fugate v. Pierce*, 49 Mo. 441; *Hamilton v. Boggess*, 63 Mo. 234. (3) Again, as to appellant's second point: The land in question is military bounty land; as to which, two years' adverse possession, not only makes a complete bar, but gives title to defendant. R. S. 1879, sec. 3219; *Bradley v. West*, 60 Mo. 33; *Nelson v. Chariton*, 60 Mo. 386; *Cooper v. Ord*, 60 Mo. 420; *Pratt v. Canfield*, 67 Mo. 50.

SHERWOOD, P. J.—Ejectment for the south half of the southwest quarter of section 26, township 58, range 21.

The title emanated from the government by patent issued to Lewallen, May 5, 1819, based upon a warrant for military services rendered prior to that time. This being the case, and as the cause of action, the adverse possession of the land, occurred after August 1, 1866, it is beyond question that the provision in the General Statutes, page 745, section 1, does not apply, and that the two years' statute of limitations relating to military bounty lands does apply. *Neilson v. Chariton Co.*, 60 Mo. 386.

' The plaintiff tried his cause on the theory that the *ten* years' statute governed; but this was a mistake, and, as the single instruction which he asked embraced this theory, it was properly rejected as an entirety, saying nothing of other matters which it contained.

II. Various errors, besides the refusal of the plaintiff's instruction, are assigned; but it is unnecessary to notice them, as the evidence is undisputed that the defendant had been in the open and notorious adverse possession of the premises, having fenced in the entire premises, leased them for one year, and pastured his cattle there, after his purchase from Graham, and maintained such possession for over two years before action brought against him. These facts gave him a good title against the word, regardless of whether he

had a good paper title or color of title or not. This was the view taken by the trial court in the fourth instruction given at the instance of the defendant, in whose favor the jury returned a verdict.

III.  Some errors crept into other instructions given at the instance of the defendant, but as they are wholly unconnected with, and cannot countervail the undisputed fact of, the defendant's adverse and exclusive possession of the land in controversy for over two years next before suit brought, it is not necessary to notice them further.

The only material issue was the adverse possession of the defendant for two years, and about this there is no question.  The only verdict the jury could properly render was the one they did render ; and when this is the case, no reversible error has been committed. *Fitzgerald v. Barker*, 96 Mo. 661 ; *Keen v. Schnedler*, 92 Mo. 516 ; *Otto v. Bent*, 48 Mo. 23.  The judgment should be affirmed.  All concur.