FRANK MILLER, Respondent, v. HENRY LANGE, Appellant.

### St. Louis Court of Appeals, April 24, 1900.

1. **Conversion, When: ASSUMPTION OF A RIGHT: DEMAND: POSSESSION.** A wrongful taking or assumption of a right to control, or dispose of property, constitutes a conversion. Any wrongful act which negatives or is inconsistent with the plaintiff's right is *per se* a conversion.

2. ———: ———: **POWER TO DISPOSE OF STOCK.** Lange as president of the corporation had the power as its general officer to dispose of the pledged stock for the purpose of realizing the amount ·assessed against it by the company.

3. ———: ———: **ASSERTION OF TITLE.** Lange's purchase at constable's sale, and the officer's certificate of purchase gave him a claim to the unpledged shares, and assertion of title in himself to the same was inconsistent with respondent's rights and was *per se* a conversion.

Appeal from the St. Louis City Circuit Court.—*Hon. William Zachritz*, Judge.

AFFIRMED.

*Rassieur & Buder* for appellant.

(1) Plaintiff alleges that defendant caused an execution in his favor against one Knickmeier to be levied on corporate stock which was pledged to plaintiff. This was no trespass. The law provides for such levy on execution, and, if the plaintiff had any rights to such stock, the defendant, who, as plaintiff alleges, was fully notified of plaintiff's rights, acquired the stock by sale under execution subject to plaintiff's rights. R. S. 1889, secs. 4924, 4925; R. S. 1889, sec. 4953; Foster v. Potter, 37 Mo. 525; McClintock v.

Bank, 120 Mo. 127; 2 Freeman on Executions [2 Ed. 1888], 1158, sec. 348.    (2)   If at the time the demand is made, the goods are in the actual possession of another, and the person of whom the demand is made, has not and never had, any control over them, the fact that he claims the goods and declares they are his own property, will not amount to a conversion.    Andrews v. Shattuck, 32 Barb. 396; Matteawan Co. v. Bentley, 13 Barb. 641; Traylor v. Horrall, 4 Blackf. (Ind.) 317; 26 Am. and Eng. Ency. of Law, 714. (3)   A ministerial officer has no power to make any terms different from those presented by law; a purchaser takes just such title as the debtor has; the officer sells the debtor's property in the thing, whatever that may be.    The rule of *caveat emptor* applies to such sales.    Herman on Ex., 330, sec. 214; 12 Am. and Eng. Ency. of Law, 225; Rorer on Jud. Sales [2 Ed. 1878], 474, sec. 1300; Hensley v. Baker, 10 Mo. 157.

*Hiram N. Moore* for respondent.

(1)   There was clearly a conversion of the stock by the defendant.    "Any wrongful taking or assumption of a right to control or dispose of property constitutes a conversion. Any wrongful act, which negatives or is inconsistent with the plaintiff's right, is *per se* a conversion."    Allen v. Mc-Monagle, 77 Mo. 481; Duncan v. Frank, 8 Mo. App. 286. (2)   "Amendments should be allowed in furtherance of justice, and where justice to the parties absolutely demands that an amendment should be made, it would be an unwise exercise of discretion for the court to refuse to allow it to be made.    Pomeroy's Adm. v. Brown, 19 Mo. 302; Caldwell v. McKee, 8 Mo. 334; Dalton v. Bowman, 16 Mo. 225; Dozier v. Jerman, 30 Mo. 216."    State ex rel. Mackey v. Thompson et al., 81 Mo. App. 549.

BLAND, P. J.—This suit originated in a justice's court and was taken by appeal to the circuit court, where judgment was recovered for plaintiff, from which defendant duly appealed.

The facts are: that about April 12, 1897, one Knickmeier owned 10,846 shares of stock in the McKinley Mining and Milling Company, a corporation, evidenced by two certificates of stock numbers 9 and 10, each for 5,243 shares. One of these certificates was held by the corporation to secure unpaid assessments made against it, the other certificate was unincumbered; both certificates were, however, in the possession of the corporation. On the twelfth of April Knickmeier made a written assignment of all his stock to respondent to secure a note of $200 which he owed respondent, due April 22, 1897. The officers of the corporation were duly notified of this assignment on the day it was made (April 12). The appellant Lange was the president of the corporation. On April 9 he recovered a judgment before a justice of the peace against Knickmeier, and on April 14 caused an execution to be issued thereon and to be delivered to the constable, who on the same day levied upon all the right, title and interest of Knickmeier in and to the 10,846 shares of stock. On May 26 the constable sold the stock under his levy, at which sale appellant became the purchaser of all the shares for $6. It appears that during all this time the certificates of stock remained in the possession of the corporation and are yet in its possession; that no demand was ever made on it by respondent for the certificates of stock or either of them, nor does it appear that respondent has, or has ever had the certificates or either of them in his possession or under his control, or that he has foreclosed his lien thereon. After the sale was made by the constable respondent demanded the stock from Lange. In reply to this

demand Lange told respondent that he could not have the stock, that it belonged to him (Lange). Respondent then brought this suit for conversion.

The contention of appellant is, that the evidence fails to show that Lange ever had possession of the stock or exercised, or could have exercised any dominion over it, and that the mere assertion of title in himself did not constitute a conversion. In Williams v. Wall, 60 Mo. l. c. 321, and Allen v. McMonagle, 77 Mo. 478, following Schroppel v. Cornig, 5 Denio, 236, it is said: "A wrongful taking or assumption of a right to control or dispose of property constitutes a conversion. Indeed any wrongful act which negatives or is inconsistent with the plaintiff's right, is *per se* a conversion." Lange as president of the corporation had the power as its general officer to dispose of the pledged stock for the purpose of realizing the amount assessed against it by the corporation. Ferguson & Wheeler v. Venice Transportation Company, 79 Mo. App. 353. His purchase at constable's sale and the certificate of purchase presumably given him by the constable, gave him a claim to the unpledged shares. The pledge and the sale gave him such dominion over the stock as to enable him to dispose of all the shares. Having this dominion over the shares his assertion of title in himself was inconsistent with respondent's rights, and was *per se* a conversion. Williams v. Wall and Allen v. McMonagle, *supra*.

The instructions given are somewhat contradictory, but the error is not fatal to the merits, and the judgment being manifestly for the right party, it is our duty to affirm it. R. S. 1899, sec. 865; Berkson v. Railway, 144 Mo. 211; Henry v. Railway, 113 Mo. 525; Comfort v. Ballingal, 134 Mo. 281; Bushey v. Glenn, 107 Mo. 331.

Judgment affirmed. Judge *Bond* concurs; Judge *Biggs* absent.