SAMUEL L. BAY, Administrator, etc., Appellant, v. AN-
DREW H. TRUSDELL et al., Respondents.

Kansas City Court of Appeals, February 10, 1902.

1. **Jurisdiction: JUSTICES' COURTS: CIRCUIT COURTS: COSTS:
ATTORNEYS' FEES.** On notes from fifty dollars to two hundred
and fifty dollars justices' courts and the circuit courts have con-
current jurisdiction; and on a note for fifty dollars with attorneys'
fees at five per cent per month the amount exceeds fifty dollars and
the circuit court has jurisdiction and such attorney's fee is not cost
within the meaning of the jurisdiction statute.

2. **Bills and Notes: PLEADING: NON EST FACTUM: PAYMENT.**
An answer denied the execution of a note and pleaded payment.
*Held,* that these pleas are not inconsistent.

3. ————: **ATTORNEYS' FEES: DEFENSE.** A note for fifty dol-
lars provided for the payment of an attorney's fee at five per cent
per month amounting to near one thousand dollars. On a proper
defense such fee ought not and could not be collected.

4. ————: **EVIDENCE: PRIVILEGED COMMUNICATIONS: AT-
TORNEY AND CLIENT: HEARSAY.** In an action on a promis-
sory note the defense was payment. *Held,* that the attorney of
plaintiff's intestate could testify to a conversation between himself
and the defendant and the acceptance by him of a certain sum in
payment of the note and that such conversation was not privileged
nor hearsay.

5. **Attorney and Client: COLLECTION: COMPROMISE: AUTHOR-
ITY: EVIDENCE.** An attorney can not compromise a claim in his
hands for collection unless authorized thereto; but such authority
may be shown from circumstances such as a lapse of years without
a reassertion of the claim.

6. ————: **EVIDENCE: PRIVILEGED COMMUNICATIONS: LET-
TER.** A letter from a client to his attorney transmitting for col-
lection a note and authorizing him to accept a certain sum in pay-
ment thereof, is not a privileged communication but a mere con-
ferring of authority.

Bay v. Trusdell.

Appeal from Cass Circuit Court.—*Hon. Wm. L. Jarrott,*
Judge.

AFFIRMED.

*T. N. Lavelock* and *T. N. Haynes* for appellant.

(1)   By the answer, plaintiff's cause of action as alleged
in petition, is admitted.   Kinman v. Cannefax, 34 Mo. 147;
Price v. Mining Co., 83 Mo. App. 470; Darrett v. Donnelly,
38 Mo. 494; Adams v. Trigg, 37 Mo. 141; McCord v. Rail-
road, 21 Mo. App. 95; Atteberry v. Powell, 29 Mo. 429.
(2)   The answer is inconsistent, frivolous, evasive and am-
biguous, and should be taken most strongly against the pleader.
Price v. Mining Co., 83 Mo. App. 474; Darrett v. Donnelly,
38 Mo. 493; Adams v. Trigg, 37 Mo. 142; Miller v. Railway,
62 Mo. App. 257-8; Sheppard v. Starrett, 35 Mo. 367; Dal-
rymple v. Craig, 76 Mo. App. 117; Snyder v. Free, 114 Mo.
360, 367; Kinman v Cannefax, 34 Mo. 147; Houston v.
Lane, 39 Mo. 495.   (3)   Witness Summers, having been
the attorney for Lindsey Dickey in the collection of the note
in suit, all information which he received while so acting,
concerning the subject-matter, in controversy, was privileged.
State v. Dawson, 90 Mo. 149; Eoff v. Irvine, 108 Mo. 378;
Ebersole v. Rankin, 102 Mo. 488; Henry v. Buddecke, 81
Mo. App. 365; Walden v. Bolton, 55 Mo. 405.   (4)   Sum-
mers as attorney for Lindsey Dickey, had no authority, merely
from his employment as such, to compromise the debt or
cause of action of his client.   Spears v. Ledergerber, 56 Mo.
465; Barton v. Hunter, 59 Mo. App. 610; Willard v. Siegel,
47 Mo. App. 5; Walden v. Bolton, 55 Mo. 405; State v.
Clifford, 124 Mo. 498; Vanderline v. Smith, 18 Mo. App. 59;
Hoster v. Lange, 80 Mo. App. 234; 2 Greenleaf, Ev., sec.
114; Weeks Atty's, sec. 219; Bank v. Leyser, 116 Mo. 68;
Bank v. Morris, 125 Mo. 350; Lowry v. Mining Co., 65 Mo.
App. 272; Murphy v. Insurance, 83 Mo. App. 481; Peck v.

Ritchey, 66 Mo. 114; Williams v. Edwards, 94 Mo. 447; Diel v. Railway, 37 Mo. App. 454; 1 Greenleaf Ev., sec. 114; Christian v. Smith, 85 Mo. App. 117; Alt v. Grosclose, 61 Mo. App. 409; Williams v. Edwards, 94 Mo. 451; Farrar v. Kramer, 5 Mo. App. 171; 1 Greenleaf Ev., sec. 114; Iron Co. v. Halverson, 48 Mo. App. 383; State v. Arnold, 55 Mo. 89; State v. Jaeger, 66 Mo. 173.

*Barnett & Burney* for respondents.

(1) This cause should have been brought in justice court, since the demand, exclusive of interests and costs, is only $50, and the justice has original jurisdiction of all causes not exceeding $250 exclusive of interest and cost. R. S. 1899, sec. 1674, subdivision 3; R. S. 1899, sec. 3835. (2) The weight of authority is in favor of allowing a general denial of all allegations not otherwise admitted, when not ambiguous. 1 Am. and Eng. Ency. Pl. and Pr., 803. (3) A general denial is not inconsistent with a special plea of payment. 1 Am. and Eng. Ency. Pl. and Pr., 857; Steerson v. Waterbury, 52 Minn. 211; Doran v. Dinsmore, 20 How. Pr. N. Y. Sup. Ct., 504; Patrick v. Boonville G. L. Co., 17 Mo. App. 462; Nelson v. Brodhack, 44 Mo. 599. (4) The communication from Lindsey Dickey to witness Summers, not being in its nature private, nor being what could properly be termed a confidential disclosure, should have been admitted in evidence, said communication being very material to show Summers' authority. Schaaf v. Fries, 77 Mo. App. 346; 1 Greenleaf on Evidence, sec. 244.

ELLISON, J.—This is an action begun in the circuit court of Cass county on a contract in the form of a promissory note for the payment of fifty dollars with ten per cent annual interest compounded, and for the payment of an attorney's fee of five per cent per month. The note is dated in 1881 and

the suit was instituted in 1900. The judgment in the trial court was for defendant.

Objection is made that the circuit court had no jurisdiction—that the action should have been begun before a justice of the peace. By the terms of sections 1674, 3835, Revised Statutes 1899, circuit courts have concurrent jurisdiction with the justices of the peace in actions of this nature when the sum sued for, exclusive of interest and costs, exceeds fifty and does not exceed two hundred and fifty dollars. Below the former sum the justice has exclusive jurisdiction. Above the latter sum the circuit court has exclusive jurisdiction; and between the two their jurisdiction is concurrent. Exclusive of interest and costs, the sum sued for here does exceed fifty dollars. For while the face amount of the note is only fifty dollars, the further provisions of five per cent per month for attorney's fee adds several hundred dollars to the face amount. But it is said that the attorney's fee is costs, and should therefore be excluded. We do not think so. The cost contemplated by the statute are the ordinary statutory costs which follows and is naturally incident to litigation. It does not embrace matters of special contract between the parties. We regard City of St. Louis v. Meintz, 107 Mo. 611, as authority for this view of the statute.

Plaintiff regarded the answer filed by defendant in such way as to warrant a judgment for him on the pleadings and made his point on this head in various ways, but they were overruled by the court. The answer contained a general denial, and then an allegation that defendant did execute a note to plaintiff's intestate for fifty dollars but alleged that plaintiff had misdescribed it in his petition; and then set up that it had been paid, setting up the particulars relating to the payment, or settlement. We are not impressed with plaintiff's criticism of the court's action. Evidently the answer as a whole can not be taken more strongly against defendant than that of a denial of the execution of the note. And fur-

ther, that it had been paid. The allegation that plaintiff had misdescribed the note and then proceeding to set up a defense to it, was a waiver of whatever misdescription there was, and made an issue of the matter of defense. So the question was merely brought down to whether a defendant could join in the same answer a plea of *non est factum* and of payment. We think that he could. They are not inconsistent in a legal sense. Nelson v. Brodhack, 44 Mo. 596; Patrick v. Gas Light Co., 17 Mo. App. 462. One may pay a note that he never executed and when afterwards he should be sued upon it, why should he not be allowed to state the truth? Unfortunately the truth can not always be made to appear by evidence, and when one finds difficulty in showing to the satisfaction of others, that he did not execute a note, why should he not be allowed to show that at any rate he paid it?

We would not sustain a judgment on the pleadings for another reason, and that is, that such judgment would include an attorney's fee of five per cent per month, amounting, at time of trial, to a sum variously stated to be from six to eight hundred dollars; at the present time to much more; and this for the collection of a note of fifty dollars. Such fee, with a proper defense, ought not and could not be collected.

At the trial, defendant undertook to prove that he had settled the note in 1890 with Mr. Summers, an attorney who held the note for collection for plaintiff's intestate. In making this proof defendant introduced Mr. Summers as a witness. The court permitted him to testify over plaintiff's objection that he received the note from Dickey in his lifetime; that he notified defendant of his having it for collection and that defendant then came to see him. The witness then testified as follows:

"Mr. Trusdell told me that he had an agreement with Mr. Dickey, settling with him—a controversy had arisen with reference to the sale of some real estate. He had a deed of recent date signed by Mr. Dickey I think a few days before

he came up to me dated about the time that I had received this note for collection, and he stated that there had been a deed executed about the date of this note and the description and some other matters were defective and that he and Mr. Dickey had to have numerous communications and had finally came to the conclusion and agreement at that time and Mr. Dickey was down here and I had seen him, wherever he was, to furnish him a correct deed for the land on the payment of $70 in full of the note.   He told me that Mr. Dickey had agreed to send him this deed that he had just recently received at that time, and had agreed in settlement of the note and all interest and take the note subject to the payment of $70 for the note in full.   That he had objected to paying the note and the accumulated interest from the date of the note, to that time, on the ground that he said he had stood ready and willing long prior to that to have paid the note if the proper deed had been made, and as the proper deed had not been made, until that date which he had showed me, that Mr. Dickey had agreed with him and accepted $70 in full payment of the note and he gave me the money at that time.   I received it."

It is claimed that as the witness was Dickey's attorney, the testimony above quoted was improper.   The objection was not well taken since no communication (confidential or otherwise) between Dickey and Summers is given.   It was further objected that it was hearsay.   That is to say, the witness was allowed to testify as to what the defendant told him that Dickey (the witness's client) had agreed to.   Yet it ought not to be called hearsay evidence from the fact that it was a statement of what took place between the defendant and the agent of plaintiff's intestate.   The witness represented one side of the controversy and the defendant the other, and anything said between them was competent evidence in behalf of either.   The question is not at all like the ordinary hearsay in having a third party tell what he was told

by some one else. This was, in effect, a conversation between the litigating parties. One being represented by himself and the other by an agent.

But it is said that there was no evidence of authority in Mr. Summers to compromise the note other than the mere fact that he had it for collection, which plaintiff contends is not sufficient. It is true that an attorney having a note in his possession only for collection has no authority to compromise the claim by taking a less sum. Spears v. Ledergerber, 56 Mo. 465; Barton Bros. v. Hunter, 59 Mo. App. 610; State v. Clifford, 124 Mo. 492. He may do so, however, if he has requisite authority from his principal and this authority may be established from circumstances and is not necessarily dependent upon direct and affirmative evidence. In this case, the face of the record shows that the transaction between defendant and Mr. Summers occurred ten years prior to the institution of this suit. That no action was taken by plaintiff's intestate to disaffirm the settlement up to the time of his death some seven or eight years thereafter. The jury was therefore justified in finding that Summers had the requisite authority to make the compromise. Besides this, the defendant offered in evidence the letter written by plaintiff's intestate to Summers when sending him the note, in which he is expressly told to accept the seventy dollars which he did accept. This letter was excluded, but in our opinion erroneously. It was not a privileged communication. It was merely the authority or power of attorney of the agent to represent his principal. It did not involve a private or confidential communication. In this view of the record it becomes unnecessary to go into the question presented as to the instructions for defendant.

Even to concede error in the court's ruling against plaintiff, the whole record discloses that the verdict was manifestly for the right party and it will not therefore be disturbed. Comfort v. Ballingal, 134 Mo. 281; Burns v. City of Liberty,

131 Mo. 372; Henry v. Railway, 113 Mo. 525; Bushey v. Glenn, 107 Mo. 331.

The judgment is affirmed.    The other judges concur.