CITIZENS' BANK OF SIKESTON, Respondent, v. SCOTT COUNTY MILLING COMPANY, Appellant.

Springfield Court of Appeals, July 8, 1922.

1. TROVER AND CONVERSION: Evidence Held not to Show Sale of Corn in Controversy. In action for conversion of corn stored by plaintiff's mortgagor in defendant's warehouse, evidence *held* to show no sale by plaintiff to defendant.

2. ———: Unlawful Dominion Over Property a Conversion. A conversion is shown when one person unlawfully interferes with the property of another and assumes to exercise dominion over it in defiance and to the exclusion of owner's rights.

3. ———: Demand Held Unnecessary. Where plaintiff's mortgagor delivered to plaintiff a warehous receipt for corn deposited in defendant's warehouse, and, upon being ordered by plaintiff to sell, defendant retained from the proceeds an amount owing by the mortgagor to it, claiming it had the right to retain sufficient corn covered

604    210 MISSOURI APPEAL REPORTS,

Citizens' Bank of Sikeston v. Scott Co. Mill. Co.

by the chattel mortgage to pay the mortgagor's debt to it, and denied that plaintiff could take the corn and apply it, or its value, to the payment of the mortgage debt to plaintiff, a formal demand by plaintiff for possession was unnecessary.

4. ———: **Purpose of Demand Stated.** The purpose of a demand is to make sure of defendant's attitude and claim, and, ordinarily, when possession is rightful, it remains rightful, and there can be no conversion until there is a demand under the rights of the other party, and the refusal to surrender possession on demand is a refusal to recognize these rights, and is conversion; but where it is apparent from the conduct of the party toward the property that possession would be refused, if demanded, a demand is unnecessary.

5. **CONTRACTS: Agreement to Accept Part for Whole of Debt Without Consideration.** Where the value of corn mortgaged to plaintiff and deposited in defendant's warehouse by mortgagor was admitted by defendant's "settlement sheets" to be $1,230.62, an alleged agreement that, in consideration of defendant's assisting mortgagor to raise one-half mortgagor's indebtedness to plaintiff, viz. $1,137.50, plaintiff would permit defendant to retain the corn, being less than the amount admitted by defendant as the value of the corn, was without consideration.

6. **APPEAL AND ERROR: Where in Conversion Plaintiff Could Recover on Facts Conceded, Error in Instruction Defining Conversion Harmless.** Where, in conversion action, plaintiff was entitled to recover on facts conceded by defendant, any error in an instruction defining conversion was harmless.

Appeal from Scott County Circuit Court.—*Hon. Frank Kelly,* Judge.

AFFIRMED.

*R. E. Bailey* and *Ward & Reeves,* for appellant.

(1)    A plaintiff cannot sue on one cause of action and recover on another. Recovery must always depend on the cause of action stated in the petition. St. Louis v. Wright Contracting Co., 210 Mo. 491, 109 S. W. 6; Henry County v. Citizens Bank, 208 Mo. 209, 106 S. W. 622; Carson v. Cummings, 69 Mo. 325; Clements v. Yeates, et al., 69 Mo. 623; Ensworth v. Barton, 60 Mo.

511; Edelen v. Strong, 34 Mo. App. 287, l. c. 294. (2) An instruction covering the whole case and directing a verdict for either party must not ignore the evidence and issues presented by the opposite party. Enloe v. American Car and Foundry Co., 240 Mo. 443, 144 S. W. 852; Barr and Martin v. Johnson, 170 Mo. App. 394, 403, 155 S. W. 459; Welton v. Insurance Co., 162 Mo. App. 316, 141 S. W. 1138; St. Louis Packing Co. v. Mertens, 150 Mo. App. 583, 131 S. W. 354. (3) Instructions not based on the evidence are erroneous. Smith v. Sedalia, 152 Mo. 283, 53 S. W. 907; Press Brick & Machine Co. v. Gratiot, 151 Mo. 501, 52 S. W. 401; Benne v. Miller, 149 Mo. 228, 50 S. W. 824; Ragan v. Kansas City, 144 Mo. 623, 46 S. W. 602. (4) It is error to give contradictory or conflicting instructions. Blendorn v. Railroad, 108 Mo. 439; Stevenson v. Hancock, 72 Mo. 612; Henschen v. O'Bannon, 56 Mo. 289; Otto v. Brent, 48 Mo. 23; Union Bank v. National Bank, 64 Mo. App. 253; Jones v. Railway, 59 Mo. App. 137; Hoover v. Insurance Co., 93 Mo. App. 111. (5) It is the province of the jury to pass on questions of fact. Lay v. Insurance Co., 7 Mo. App. 566; Massey v. Tingle, 29 Mo. 437; Candy v. Railway, 85 Mo. 79; Hunt v. Missouri R. Co., 14 Mo. App. 160; Roddy v. Railway, 104 Mo. 234, 15 S. W. 1112; Gay v. Tielkemeyer, 64 Mo. App. 112; Howell v. Sherwood, 242 Mo. 513, 147 S. W. 810; Bennett v. Ry. Assn., 242 Mo. 125, 145 S. W. 433.

*Ray B. Lucas* and *Harry C. Blanton* for respondent.

(1) The point was not made in the motion for a new trial that there was a complete failure of proof, and hence such failure of proof, if any, cannot be passed on by this court. Secs. 1267, 1512, R. S. 1919; Shantz v. Shriner, 150 S. W. 727, 167 Mo. App. 635; Fox v. Young, 22 Mo. App. 386; Putnam v. Railway, 22 Mo. App. 589; Baking Powder Co. v. Baking Powder Co., 82 Mo. App. 19; Stone v. Wilfskill, 59 Mo. App. 441; Pierson v. Slifer, 52 Mo. App. 273; Bevier Co. v. Watson, 107 Mo. App. 451, 80 S. W. 287; Avery v. Tucker, 118 S. W. 672, 137 Mo.

App. 428; State v. Scott, 113 S. W. 1069, 214 Mo. 257. (2) Any wrongful taking or assumption of a right to control or dispose of property constitutes a conversion. Any wrongful act which negatives or is inconsistent with plaintiff's right, is *per se* a conversion. Allen v. Mc-Monagle, 77 Mo. 478, l. c. 481; McLachlin v. Barker, 64 App. 511, 521; Dusky v. Rudder, 80 Mo. 407; Faffayette Bank v. Metcalf, 40 Mo. App. 494; 38 Cyc., p. 2005; 26 R. C. L., p. 1098, sec. 3. (3) A mortgagee in possession or entitled to possession can maintain an action in trover and conversion. Swinney v. Gouty, 83 Mo. App. 551; Hausmann v. Hope, 20 Mo. App. 193, 198; McCandless v. Moore, 50 Mo. 511; Lafayette County Bk. v. Metcalf, 40 Mo. App. 494; Golden v. Moore, 104 S. W. 481, 126 Mo. App. 518; 26 R. C. L., sec. 47, p. 1136; 38 Cyc. 2053, sub-section 14; 2 McQuillin Mo. Prac., p. 1287, sec. 2089; American State Bank v. Seattle Grain Co., 154 Pac. 443, 89 Wash. 376. (4) On defendant's demurrer to the evidence, all of the evidence on behalf of plaintiff must be considered as true, and from it must be drawn in plaintiff's favor all reasonable inferences, and, where defendant has offered testimony, such testimony, if any, favorable to the plaintiff must be considered, and all unfavorable testimony disregarded. Knoche v. Pratt, 187 S. W. 578, 194 Mo. App. 300; Peters v. Lusk, 206 S. W. 250, 200 Mo. App. 372; Lynch v. Gaslight Co., 223 S. W. 111; Wagner v. Pryor, 222 S. W. 857, 204 Mo. App. 478; Conley v. Lafayette Co., 221 S. W. 165, 204 Mo. App. 37; Hague v. Threadgill, 236 S. W. 895. (5) Demand is merely evidential and not necessary to maintain trover and conversion either where such demand would have been useless or where an actual conversion occurs. Milliken v. Larrabee, 192 S. W. 103; Lafayette Bank v. Metcalf, 40 Mo. App. 494; Newman v. Trust Co., 88 S. W. 6, 189 Mo. 423; Nat'l Bk. of Commerce v. Morris, 114 Mo. 255; McLachlin v. Barker, 64 Mo. App. 521; Chaffee Bros. v. Powers Elevator Co., 33 N. D. 550, 157 N. W. 689. (6) Cause must be tried in the Court of Appeals upon the same theory adopted in the circuit court, and

appellant will not be permitted to confess conversion in circuit court and then undertake to plead settlement to deny conversion in the appellate court. Daugherty v. Gangloff, 144 S. W. 434, 436, 239 Mo. 649; Donijanovic v. Hartman, 152 S. W. 424, 169 Mo. App. 709; Outcault Co. v. Schierbaum, 209 S. W. 985; Johnson v. Mason, 178 Mo. App. 8, 163 S. W. 260; Hagist v. Adams Co., 213 S. W. 510. (7) Where an objection is raised to plaintiff's instructions in the motion for a new trial, such point in said motion is not sufficient to preserve for review an alleged error in an instruction originally offered by plaintiff, but modified by the court. Peters v. K. C. Rwy., 224 S. W. 25, 204 Mo. App. 197; Scrivner v. Mo. Pac., 169 S. W. 85, 260 Mo. 421; Lebrecht v. Bank, 229 S. W. 288; Bridge Co. v. Brewing Co., 129 Mo. 343, 31 S. W. 767; Hemphill v. Morehouse, 142 S. W. 817, 162 Mo. App. 296. (8) A party to be bound by a waiver of his rights must receive some new consideration, and if the only consideration a party receives is that to which he is already entitled there is no consideration for the release. Storck v. Mesker, 55 Mo. App. 26; Lingenfelder v. Wainwright, 103 Mo. 578, 15 S.W. 844; Heck v. Watkin, 182 S. W. 315; In re Woods Sstate, 232 S. W. 674; Kick v. Merry, 23 Mo. 72; Jones v. Miller, 12 Mo. 408. (9) When there is a naked and undisputed sum due another, his naked agreement to accept a less sum in discharge of the whole will not be binding, for lack of consideration. 1 C. J., p. 539, sec. 40; Griffith v. Creighton, 61, Mo. App. 1; Miners Bank v. American Bonding Co., 186 S. W. 1139; Winter v. Cable, 73 Mo. App. 194; Wetmore v. Crouch, 150 Mo. 671, 51 S. W. 738; Brown Bkg. Co. v. Baker, 99 Mo. App. 660, 74 S. W. 454; Vinson v. Lumber Co., 151 S. W. 199, 167 Mo. App. 201; Chamberlain v. Smith, 85 S. W. 645, 110 Mo. App. 657; Hanson v. Crawford, 109 S. W. 98, 130 Mo. App. 232. (10) Respondent bank would not be bound by a release of its security by its Cashier or Vice-President, even if said Cashier or Vice-Present had undertaken to waive the rights of respondent bank araising out of the chattel mortgage given it by Collier.

Secs. 11752 and 11762, R. S. 1919; Savings Bank v. Hughes, 62 Mo. App. 576, 579; Bank of Dexter v. Simmons, 204 S. W. 837; Bank of Mt. View v. McMinds, 235 S. W. 166; Peoples Bank v. Presnell, 236 S. W. 401; 3 R. C. L., p. 448, sec. 75, p. 442, sec. 69. (11) Unless appellant in its motion for a new trial complains in its motion for a new trial of a conflict in instructions, the matter cannot be reviewed in the appellate court. Johnson v. Brick Co., 205 S. W. 615, 276 Mo. 42; Matthews v. Coal Co., 177 S. W. 650, 653; Lane v. Railway, 35 Mo. App. 567; McQuillin's Instructions, p. 210, sec. 264. (12) Instructions must not change the issue as made by the pleadings, nor widen their scope. Sinnamon v. Moore, 142 S. W. 494, 161 Mo. App. 168; Scrivner v. Mo. Pac. Ry., 169 S. W. 83, 260 Mo. 421; Rawlings v. Frisco Ry., 175 S. W. 935 (not off. rep.); Moss v. Jacksonville Co., 226 S. W. 592. (13) Instruction must be within both the proof and the pleadings, and must not be broader than the proof, though the pleadings would justify broader instructions. Riley v. City of Independence, 167 S. W. 1022, 258 Mo. 671. (14) The judgment in favor of the respondent should be affirmed because for the right party. Sec. 1513, R. S. 1919; Maloney v. Bank, 232 S. W. 133; Brigham Co. v. Zollman Co., 220 S. W. 911.

COX, P. J.—Action for conversion. Verdict and judgment for plaintiff and defendant has appealed.

Plaintiff is a bank doing business at Sikeston. Defendant is in the milling and warehouse business at Sikeston and other points. D. C. Collier, a farmer, was indebted to plaintiff on a demand note in the sum of $2275 and was indebted to defendant in the sum of $946-.17. Plaintiff held a chattel mortgage on a crop of corn and some other property of Collier's to secure its debt while defendant had no security for its debt. When the corn was gathered, Collier stored it with defendant and received warehouse receipts therefor. He delivered these receipts to plaintiff with instructions to sell the corn at any time they thought the price the best and

apply the proceeds on his note. The corn was held for sometime and on January 25, 1921, plaintiff, desiring to realize on the corn, sent its agent to defendant with a view to secure a settlement and to collect the value of the corn. The warehouse receipts for the corn were left with the defendant and a day or so later, the defendant delivered to plaintiff two "settlement sheets" which showed the amount of the corn and its value and also the amount of Collier's indebtedness to defendant which was substracted from the value of the corn and checks were then made out for the balance and delivered to plaintiff with these "settlement sheets." Plaintiff looked these statements over and returned the checks to defendant with the statement that it held a chattel mortgage on the corn and could not allow the credits claimed by defendant for the amount of Collier's debt to it. After consulting an attorney and being advised acceptance of these checks would not prejudice their rights to insist upon the remainder, the checks were accepted. The plaintiff then demanded pay for the remainder of the corn which defendant had retained to pay Collier's debt to it. The defendant at first refused to admit that plaintiff could take the corn under its mortgage at that time for the reason, as it contended, that as the mortgage covered other property, they must foreclose as to that before they could appropriate the corn held by defendant. Defendant's testimony shows that it abandoned that claim in two or three days and at that time defendant claims an agreement was made with plaintiff by which defendant was to assist Collier to raise enough money to pay off one-half of the amount due on plaintiff's note and on that being done, defendant would be released from liability to plaintiff and could retain the corn. That in pursuance to that agreement, the defendant did assist Collier to raise some money by spending some time trying to help him to raise it and by buying a corn sheller from Collier for $175 and some peas which Collier testified were sold at $1.40 per bushel, the market price, while defendant claims it paid $1.50, which

210 M. A.—39

**610    210 MISSOURI APPEAL REPORTS,**

Citizens' Bank of Sikeston v. Scott Co. Mill. Co.

was more than the market price. Plaintiff's witnesses denied that such a contract was made.

Defendant asked a peremptory instruction to find for it on the ground that the evidence failed to show a conversion of the corn. This was refused. Defendant's contention on this point is based on two facts: First; that plaintiff's witnesses, who had transacted the business for it, testified that the corn was sold to defendant and if it was sold, then plaintiff could only sue for the purchase price and could not sue for conversion. Second: that demand for possession of the corn was not made by plaintiff before the suit was filed and for that reason a suit for conversion could not be maintained.

On the question of a sale, it is true that plaintiff's witnesses used language which standing alone would show a sale, yet when all the testimony is considered together, we do not think it can be construed to show a sale of that part of the corn which defendant insisted on retaining to pay the debt of Collier to it. It did buy and pay for the excess of the corn but did not buy or pay for the corn of the value of $946.17, which was the amount of Collier's debt to it. There could not be a sale by plaintiff to defendant without defendant agreeing to pay plaintiff for the corn and that it constantly insisted it should not do, and plaintiff's witnesses did not testify that defendant agreed to buy the corn and pay plaintiff therefor, but did testify that defendant refused to pay for the corn in controversy and this refusal was based on the claim that defendant had the right to keep the corn to pay Collier's debt to it. There was no evidence to support a claim of a sale of the corn in controversy and that point must be ruled against defendant.

As to the question of demand. Ordinarily when the possession of personal property is rightful in the first instance, as it was in this case, a demand for a return of the possession to the owner is necessary before a suit for conversion can be maintained, but that is not always so. It has been well said that "there can be no doubt that a conversion is shown when one person unlawfully

interferes with the property of another and assumes to
exercise dominion over it in disregard or in defiance and
to the exclusion of the owner's rights.   Any such inter-
ference with the owner's property and exercise of domin-
ion over it in defiance of and inconsistent with his rights
constitutes a conversion." [Bank v. Railroad, 158 Mo.
App. 519, 528-29, 138 S. W. 915; Miller v. Lange, 84 Mo.
App. 219.]

The whole controversy in this case was bottomed on
defendant's contention that it had the right to retain
sufficient of the corn covered by plaintiff's chattel mort-
gage to pay Collier's debt to it.   It denied all the time
that plaintiff could take that corn and apply it or its
value to the payment of Collier's debt to it secured by
the chattel mortgage on the corn.   This was a denial of
plaintiff's right in the corn and the assertion of a right
in defendant to retain it.   That being true, a formal de-
mand by plaintiff for possession of the corn would have
been a useless thing.   Defendant had already given plain-
tiff to understand that it meant to retain the corn for its
own purposes and this amounted to a conversion of it
and made a formal demand unnecessary and useless.   The
purpose of a demand is to make sure of defendant's
attitude and claim and to give him an opportunity to set,
the matter right before being sued and under ordinary
circumstances when the possession is rightful, it re-
mains rightful and there can be no conversion until there
is a demand under the rights of the other party and the
refusal to surrender possession on demand is a refusal
to recognize those rights and constitutes the conversion.
On the other hand, when the party in possession of the
property is asserting his own rights thereto in opposi-
tion to the rights of the owner and it is apparent from the
conduct of the party toward the property that possession
would be refused if demanded, a conversion is already
complete and demand is unnecessary.   The office of a
demand is evidential and not creative.   It is the act of
the party in possession in opposition to the rights of the
owner that constitutes conversion.   The demand and re-

fusal to deliver is the evidence which shows the holding of the party in possession to be in opposition to the rights of the owner. When the character of the holding of the party in possession is already ascertained or can be shown without demand being made, then a demand could serve no useful purpsoe and is not a necessary prerequisite to the right to maintain a suit for conversion. [Lafayette County Bank v. Metcalf Moore & Co., 40 Mo. App. 494, 502; Ward v. Transfer & Storage Co., 119 Mo. App. 83, 90, 95 S. W. 964.]

It is further contended by defendant that when plaintiff refused to permit defendant to retain sufficient corn to liquidate its claim against Collier that it was then agreed between plaintiff and defendant that if defendant would assist Collier to raise sufficient money to pay one-half of the debt due plaintiff, that defendant should be released and permitted to retain the corn and that defendant had complied with its part of the contract. Plaintiff's witnesses denied that such a contract was made. If this agreement was made, it was without consideration and void. On the admitted facts the corn received by defendant from Collier was of greater value than one-half of Collier's debt to plaintiff. Collier's note to plaintiff was for $2275. One-half of this is $1137.50. The total value of the corn as shown by the "settlement sheets" tendered plaintiff by defendant was $1230.62. The value of the corn had been fixed by defendant in these "settlement sheets" and hence if it kept the corn, it was indebted to plaintiff for more than one-half the amount of plaintiff's note. If defendant, therefore, had paid plaintiff in cash all that it would have owed plaintiff by keeping the corn, it would have paid more than one-half the note and if by paying one-half the note, it could have been released and permitted to retain the corn, it would have been the gainer instead of a loser and so it was entirely unnecessary for it to have assisted Collier to raise one-half the note in order to secure to itself the benefit of the alleged agreement. The court refused to submit the defense based on this al-

leged contract to the jury and we think it did so rightfully.

The instruction to the jury given on behalf of plaintiff which defined conversion was clearly erroneous but as we view this record, the plaintiff was entitled to recover on the facts conceded by defendant and that being true, the error in that instruction could not have been harmful.

Finding no reversible error, the judgment is affirmed. *Farrington, J.,* and *Bradley, J.,* concur.