## J. C. PIKE v. FARMERS MUTUAL INSURANCE CO. OF POLK COUNTY.

Springfield Court of Appeals, May 10, 1923.

1. **COURTS: Jurisdiction.** Under Revised Statutes 1919, sec. 2436, fixing jurisdiction of circuit courts at amounts exceeding, $50, a suit for a balance due on an insurance policy of less than $50, and for ten per cent for vexatious delay and $50 attorney's fees, was governed by the amount due on the policy, without including the penalty and fee. ‘

2. **INSURANCE: Construction of Policy.** The law always construes insurance policies, which are wholly prepared by the insurer, most favorably to the insured.

Appeal from the Circuit Court of Polk County.—*Hon. C. H. Skinker*, Judge.

REVERSED AND REMANDED.

*Herman Pufahl* for appellant.

*L. Cunningham* for respondent.

FARRINGTON, J.—It is with regret that we find this case in such condition that the judgment must be reversed and the cause remanded. The claim in dispute between the parties is only $15.61, and it seems a pity that after going to the great expense of a jury trial in the circuit court, and the cost of an appeal, all amounting to many times more than the sum involved, the matter should round up here showing that the trial court was without jurisdiction in the case.

The plaintiff owned a farm and insured his barn, hay, corn and implements against destruction by fire. There is no dispute about the loss sustained on the barn, hay and corn, and the insurance has been paid for these items. A question of difference did arise between plaintiff and defendant's officers concerning the amount due under the policy for loss of the farm machinery. Plaintiff claimed the full amount called for in the policy, $50, on this item. Defendant claiming that owing to a provision contained in the policy as to farm products there was only $34.61 due under this item, although it is admitted that the value of the machinery destroyed was $181. It is admitted by plaintiff that had the policy contained a provision as to machinery like the one as to the hay and the corn, his only claim under the policy would have been $34.61. It is, however, at the same time admitted by the defendant that the policy contained no such provision as to machinery that it did concerning farm products.

It was agreed that the matter would be left to attorney Pufahl to settle, and here is where a dispute of fact arises. Plaintiff testified that he agreed only to leave it to the arbiter to say what the language of the policy entitled him to, while the defendant's testimony tends to show that the question of what defendant owed plaintiff was the matter submitted to Pufahl. Pufahl held that the language of the policy upheld plaintiff's contention, but that owing to a custom which had always been practiced by the defendant, in which practice plaintiff had for seven years enjoyed as to assessments in

other losses, he was bound by the custom irrespective of the written provision of the policy. This sufficiently states the facts concerning the dispute between the parties. Plaintiff being unwilling to abide by the decision of the arbitrator, claiming that he had decided a matter which he had not submitted to him to be decided, brought suit in the circuit court of Polk County for $50 due under the policy, ten percent. for vexatious delay, and $50 attorney fee, making the amount prayed for in the petition to be $105.

It is contended by appellant that the petition on its face shows that the claim is one which could not be sued for in the first instance in the circuit court, citing section 2436, Revised Statutes 1919, which fixes the amount at exceeding $50, exclusive of interest and costs, to give the circuit court jurisdiction, and also cites the case of Knight v. Railway Co., 120 Mo. App. 311, 96 S. W. 716. That case first discusses the constitutionality of a provision allowing attorney fees as a penalty, and then discusses the question of the amount involved in order to confer jurisdiction in the circuit court beside the constitutionality of such statute. Its discussion of that question is as follows:

"When plaintiff's cause of action accrued, under the statute, the only penalty he was entitled to receive was his treble damages. Being compelled to bring suit to enforce his demand, the contingent penalty for an attorney's fee which the statute attempted to give him, regardless of the constitutional question involved, should not be considered a part of the demand inuring to him from the tort committed, and therefore should not be included in the amount necessary to confer jurisdiction upon the circuit court.

The term "the sum demanded exclusive of interest and costs," as employed in section 1674, obviously refers to the amount of the remedy sought under the cause asserted and excludes incidental matters such as costs or other expenses incurred in the prosecution of the suit.

215 Mo. App.—20.

We have not overlooked our decision in the case of Bay v. Trusdell, 92 Mo. App. 377, where we treated the attorney's fee as a part of the sum demanded, but there the action was on contract, and by the express agreement of the parties, defendant obligated himself to pay a specific amount as attorney's fees and thus made that sum as much a part of plaintiff's demand as was the principal of the obligation. So interest, where it is a matter of contract between the parties, is an integral part of the demand and would be included in the jurisdictional sum except for the prohibition of the statute which does not extend to attorney's fees made a part of the obligation by express contract. The conclusion reached in that case was right and is consistent with our present view that the "sum demanded" by plaintiff within the meaning of section 1674, was the amount of his treble damages, and as this was less than fifty dollars the circuit court had no jurisdiction over the cause pleaded in the original petition."

This case clearly holds that where the statute gives the right to collect attorney's fees as a penalty for failing to pay a legal demand, such amount claimed as attorney's fees is not to be considered in determining the jurisdiction of the case under section 2463, Revised Statutes 1919. We find no later case changing the rule, and as the whole subject of jurisdiction under this statute is fixed arbitrarily, we acquiesce in the rule announced in the Knight case. What is said concerning attorney's fees applies with equal force to the ten per cent vexatious delay claim. They stand on the same footing. [See Non-Royalty Shoe Co. v. Phoenix Assurance Co., 277 Mo. 399, 210 S. W. 37.]

Following the decision in the Knight case (120 Mo. App. 311) we must hold that the circuit court had no jurisdiction to entertain this cause of action in the first instance and was, therefore, without jurisdiction of the cause. It will, therefore, be unnecessary to discuss the question raised by appellant that plaintiff sued the defendant as "The Farmers Mutual Fire & Lightning In-

Pike v. Ins. Co.

surance Company of Polk County, Missouri,'' and that section 6464, Revised Statutes 1919, expressly exempts ''all Farmers Mutual Fire & Lightning Insurance Companies'' organized under the laws of Missouri from the penalty as to attorney's fees and vexatious delay contained in section 6337, article 12, chapter 50, Revised Statutes 1919.

We may add by way of suggestion to the parties that from carefully reading the record we are impressed with the justness of plaintiff's claim for the full amount of $50, because there is no provision in the policy limiting that amount, and the law always construes contracts such as insurance policies, which are wholly prepared by the insurer, most favorably to the insured.

As to the question of arbitration, the weight of the evidence preponderates in plaintiff's favor that he only submitted to Mr. Pufahl the question of the construction of the language of the policy. We say this because the policy itself provides for a full arbitration of the amount to be paid in case of disagreement, and provides that it be left to disinterested farmers. Where the disagreement arises, as it admittedly did in this case, over a provision in the policy, it was but natural that the parties would select some one learned in the law and who was familiar with the rules of construing the language of contracts.

The circuit court being without jurisdiction to entertain this suit necessarily results in a reversal of the judgment. Let the order be that the judgmnt is reversed and the cause remanded. *Cox, P. J.,* and *Bradley, J.,* concur.